### SCHROEDER, In re.

Probate Court, Mercer County.

No. 13770.

Henry J. Knapke, Celina, for the estate.

Gerald Donahue, Asst. Atty. Genl., Columbus, for the Department of Taxation of Ohio.

**OPINION**

By PURDY, J.

This matter is before the Court upon exceptions filed by the Department of Taxation of Ohio to the Journal Entry determining Inheritance Tax in this estate.

Said parties agreed to the following stipulation of facts which covers the matters to which exceptions were filed:

"STIPULATION OF FACT

"The parties to the above entitled cause stipulate and agree that the following facts exist:

"1. Certificates of Deposit in the City Loan & Savings Co., Lima, Ohio, No. 2-60535, dated 11-29-55, in the amount of $2649.59; No. 2-60537, dated 11-29-55, in the amount of $1062.58; No. 2-60534, dated 11-29-55, in the amount of $529.92, were in existence at the time of the death of John H. Schroeder. Such certificates were carried in the name of "John H. or Nettie Schroeder," with no provision for survivorship. No signature card was issued to the deceased or his wife by the City Loan Company. It is, however, the company's policy to issue signature cards with joint and survivorship wording thereon to the depositors after the certificate of deposit has been executed and delivered.

"2. Savings Account No. 16523 with The First National Bank, Celina, Ohio, was in existence at the time of the death of John H. Schroeder. The balance of such account was $1900.00. The account as noted on the pass book and ledger sheets was carried in the names of "John or Nettie Schroeder." No provision for survivorship was made. The Bank has recently started a policy of requiring signature cards. At the time of the opening of the account in question, however, no card was issued or signed, as such was not the Bank's practice.

"3. Savings Account No. 133 in the Home Building & Loan Company, Coldwater, in the amount of $1349.77 was in existence at the time of John H. Schroeder's death. This account was carried in the names of "John H. or Nettie Schroeder." No survivorship provision was contained therein. The Home Building & Loan Company does not require signature cards and relies on the pass book alone.

"4. Two checking accounts in the Peoples Bank Company, Coldwater,

Ohio, existed at the time of John H. Schroeder's death in the total amount of $9836.21. Such accounts were carried on the pass book as 'John H. or Nettie Schroeder.' There was, however, a signature card signed by both parties which made the accounts payable to either or the survivor thereof. Such card stated thereon that the property was not held in a tenancy in common.

"Dated March 6, 1957."

The problems presented by the exceptions in this case are quite common and have produced varying opinions by the courts of Ohio. In reviewing the cases on ownership of deposits, it appears that the courts have not come forth with specific rules of law on the different types of deposit in financial institutions but have pretty much decided each case on its own merits.

In Cleveland Trust Co. v. Scobie, 114 Oh St 241, the Supreme Court laid down the rule that where a person establishes a bank account to the joint credit of himself and another, payable to either, and balance at death of either, payable to the survivor, that a joint interest is created and upon the death of the depositor without his having revoked the authority to draw, said survivor is entitled to the balance of the account upon the death of the depositor. Thus from this case one should be able to draw the conclusion that where two or more people open an account with an agreement on the right of survivorship, that upon the death of one the amount left on deposit shall be payable to the survivor or survivors to the exclusion of the estate of the deceased depositor.

The next case of considerable importance on this question is Bender v. The Cleveland Trust Company, 123 Oh St 588. This is a case where the depositor permitted another party to withdraw from his savings account, but there was no provision for payment to the survivor. The Court held that upon the death of the depositor the balance in said account should be payable to his estate and not to the person who is authorized to withdraw on said account because there was no right of survivorship.

The third case which I have studied is Bauman v. Walter, 160 Oh St 273. This case attempts to lay down the rule law where two parties deposit money which belongs to one of such parties and where the contract of deposit provides that such deposit is payable to either of such two parties with no provision for survivorship, then the surviving joint depositor can only claim that part of the account which he can prove he actually contributed. This particular case I feel was decided upon its own particular merits as there was a strong moral factor involved and that the law derived from said case could not be followed to its logical conclusion. For instance, if this case were to apply to real property, then tenancy in common as such in Ohio would be defeated. It has always been the law in Ohio that where two or more people take title to real estate that each own an undivided fractional interest therein. Further, if these fractional interests are not stated in the deed conveying title, then they are each assumed to own undivided fractional interest therein, depending upon the number of names in the granting clause of the deed. Further, under the theory of contribution as proclaimed in this case, it would place a difficult burden upon each fidu-

ciary in every estate to determine the assets that belong in the estate and those which didn't. Especially this would be true as between man and wife who have a joint account in which they both place money and in which they both withdraw from time to time.

In the instant case we have certificates of deposit, savings accounts where there are no deposit contracts, and checking accounts where there are deposit contracts with the right of survivorship. In most estates there are two types of assets; probate assets which are subject to creditors' rights and also subject to distribution, either under the statute of descent and distribution or under a will if there be one; non-probate assets which are only included in estates for inheritance and estate tax purposes. These latter assets are not subject to the rights of creditors nor are they to be distributed under the statute of descent and distribution, or if there be a will, under the will.

It was quite a surprise to this Court to find out the practices of different financial institutions who receive deposits. Some on savings accounts do not require any signature cards while others do. There seems to be no uniform policy as to signature cards or to deposit contracts and the wording on same.

There is a line of authority in Ohio that where there is a joint account with no provision as to the right of survivorship, the presumption is that upon the death of one or both of the parties that the joint account is held as tenants in common and that each estate is therefore entitled to one half of the balance. In Re: Thatcher 30 O. N. P. NS 515; **In re: Mayforth, 2 O. O. 430; In re: Chittock, 47 O. O. 226.**

Adopting this line of authority as my guide I reached the conclusions as stated hereafter in the exceptions as filed to the facts in this case.

As to the first stipulation of fact I feel that the owners of these certificates are John H. and Nettie Schroeder, the persons named on the face of such certificates. As there are no rights of survivorship contained on the certificates then it is the opinion of this Court that the above named persons owned them as tenants in common with each owning an undivided one-half interest therein. Thus only one-half goes into the estate for probate purposes and thus becomes taxable. The other one-half belongs to the survivor, Nettie Schroeder, and is not taxable as a succession. The fact that the City Loan Company may obtain signature cards with joint and survivorship wording thereon does not control as the contract of indebtedness is the controlling factor. Further, whether the conjunctive used is "or" or "and" is academic as either one shows a joint interest.

As to stipulation of fact number two, it is the opinion of this Court that since the account was opened in the name of John or Nettie Schroeder, and there being no provision for survivorship that again each was an owner of an undivided one-half interest in the balance of said savings account at the time of the death of John H. Schroeder. Thus again they were tenants in common of such account and the way the account was opened and maintained is the controlling factor.

As to stipulation of fact number three, it is the Court's opinion that the way the account is carried and maintained by the depository is the controlling factor again where there is no deposit contract. Thus

each owns an undivided one-half interest in the account at the time of the death of John H. Schroeder.

As to exception number four, it is the opinion of this Court that the deposit contract which is contained on the signature card is the controlling factor and thus on the death of John H. Schroeder, the entire amount was payable to Nettie Schroeder as the survivor and unless she can prove actual contribution she shall pay a succession tax on the entire amount. Where there is a deposit contract it is the opinion of the Court that that should control over what may be contained in the pass book or what may be the heading on the ledger sheet for such account. While the old common law joint tenancy as such has never been recognized by the Ohio courts. it has generally been accepted that two or more people can contract that if one should predecease the others, that the assets then remaining shall be payable to the survivor or survivors. Thus such assets are not legally subject to creditors nor are they subject to distribution either by the statute of descent and distribution or under a will if there be one.

Thus this Court has attempted to lay down the following rules in this case:

1. Where the deposit is by certificate of deposit then the controlling factor should be the writing on the face of such certificate of deposit and shall not be paid to the survivor unless express words of survivorship are contained thereon.

2. If there be no deposit contract and no express provision for survivorship, then in savings and checking accounts the controlling factor should be the way the account is opened and maintained by the depository. Thus if a depositor only permits another person to withdraw from the account, then that latter person acquires no interest in such account and upon the death of the depositor the entire amount shall be a probate asset of his estate unless there is presented a question of a valid gift.

3. Where there is a deposit contract and such deposit contract provides that it shall be payable to either or the survivor thereof, then such deposit contract is the controlling factor and the entire amount is removed from the probate assets and is taxed as a succession to the survivor or survivors unless actual contribution can be proven. Further, all such assets are non-probate.

Thus following the above stated rules, the Court finds that one-half of the amounts described in stipulations number one, two and three belong in the estate as probate assets and thus are taxable as such. The other one-half is not a succession as Nettie Schroeder was the owner thereof at the time of John H. Schroeder's death.

The entire amount in stipulated fact number four is taxable to the survivor, Nettie Schroeder, as counsel for the estate said they could not prove any actual contribution by the survivor and further said amount is not to be placed in the estate as probate assets.

An amended entry drawn along the line of this decision may hereby be entered with exceptions saved for both parties.