## RAY, Estate of, In re.

Probate Court, Morgan County.

Decided January 24, 1958.

Robert S. Christie, McConnelsville, Berry, McCulloch, Felger & Fite. Piqua, for exceptors.

Robert Daniel, McConnelsville, for executor.

Emmett Abel, McConnelsville, for Residuary Legatees of Mary Catherine Ray, Deceased.

(HASTINGS, J, of Fairfield County, sitting by assignment.)

## OPINION

By HASTINGS, J.

The first question raised is that of jurisdiction of the Court to hear the exceptions filed to the Inventory as raised by the motion of residuary legatees of Mary Catherine Ray, a deceased, to dismiss said exceptions.

Sec. 2115.16 R. C., reads as follows:

HEARING ON INVENTORY. "Upon the filing of the inventory required by §2115.02 R. C., the probate court shall forthwith set a day, not later than one month after the day such inventory was filed, for hearing on the inventory and shall give at least ten days' notice of the hearing to the executor or administrator and to such of the following as are known to be residents of the state and whose place of residence is known. (A) Surviving spouse; (B) Next of kin; (C) Beneficiaries under the will; (D) The attorneys, if known, representing any of the aforementioned persons.

"Such notice may be waived in writing by any of the foregoing. For good cause the hearing may be continued for such time as the court deems reasonable. Exceptions to the inventory or to the year's allowance may be filed at any time prior to five days before the date set for the hearing or the date to which such hearing has been continued by any person interested in the estate or in any of the property included in the inventory but such time limit for the filing of exceptions shall not apply in case of fraud or concealment of assets. When exceptions are filed notice thereof and time of hearing thereon shall forthwith be given to the executor or administrator and his attorney by registered mail or by personal service, unless such notice is waived. At the hearing the executor or administrator and any witness may be examined under

oath. The court must enter its finding on the journal and tax the costs as may be equitable."

The jurisdiction and authority of the Probate Court under said section is expressed by the Supreme Court in **Bolles v. Toledo Trust Co., 136 Oh St 517** at **page 521** as follows: "Plaintiff insists, however, that a case on exceptions to an inventory is a special statutory proceeding at law and only questions of legal title may be considered. This view is not broad enough. Of course the Probate Court exercises limited jurisdiction and on appeal and trial de novo the jurisdiction of the Court of Common Pleas would not be extended beyond that of the court below. Nevertheless the Probate Court is vested with full power to determine what property is lawfully included in an inventory as assets and as incidental thereto has jurisdiction to inquire whether inventoried personal property belongs to an exceptor as the beneficiary of a trust. Under §10501-53 GC, the Probate Court has "plenary power at law and in equity fully to dispose of any matter properly before the court." unless otherwise provided by statute.. Compare Goodrich, Admr., v. Anderson, ante, 509. There is no statutory provision which limits or denies to that court power to hear and determine fully and completely all questions raised by exceptions to an inventory of the assets of a decedent's estate. The application of the doctrine of res judicata is not narrowed herein because the court of origin was not invested with general jurisdiction."

The matter alleged in said exceptions clearly says, that, of the item in Schedule D of said Inventory listing as an asset in said estate a checking account in First National Bank, Chesterhill, showing a balance of $13,607.37, the sum of $10,132.32 is the property of the late John P. Ray, whose estate is being administered by exceptor in his capacity as administrator of said estate, and therefore in the opinion of the court is proper grounds for exceptions, and the court has jurisdiction to hear said exceptions. While the said administrator is not a person interested in the estate of Mary Catherine Ray, deceased, he is in his capacity as administrator of the estate of John P. Ray, deceased, interested in the property excepted to and therefore has that right and it is immaterial if others not so entitled may have been joined with said exceptor.

The record discloses the inventory was filed March 8, 1954, and thereafter on March 16, 1954, notice of filing said inventory and appraisement was personally served on Frank David Ray, a minor, and on Lola Ray. his mother, and on the 11th and 18th days of March, 1954, notice by publication was made upon all other persons as required by said §2115.16 R. C., except upon the beneficiaries under the Will as designated in "(C)" of said statute; that the exceptions to said Inventory and Appraisement were filed May 7, 1954, a hearing had on said exceptions was set aside and a new trial thereof granted.

Thereafter, upon discovery that proper notice had not been given to all those entitled thereto under the statute, on October 16, 1957, an order of the court fixed the time of the hearing on said inventory to be on Tuesday, the 12th day of November, 1957, at ten o'clock A. M., and that at said time would be heard the exceptions to said Inventory al-

ready filed, and ordered that notice of said time of hearing be given by registered mail at least ten days prior thereto to the executor of said estate, to the next of kin of said decedent, to the beneficiaries under the will, and to the attorneys, if known, representing any of the afore-mentioned persons. Thereafter notices of said time of hearing were served on such persons as required by said order.

Notice of hearing not having been given to all persons entitled thereto by the statute, no hearing on said Inventory and Appraisement could be had until such was given. The fact that the hearing, of which notice was properly given to all those entitled thereto, was not had within one month after the filing of said Inventory and Appraisement does not invalidate said proceeding because said time limit in said statute is not mandatory but directory. The later date for said hearing would inure to the benefit of all parties and not just to those who had not been given notice of the first hearing date. There could be but one hearing on the Inventory and Appraisement and said hearing would be for the benefit of all parties interested therein.

In Re: Estate of Gottwald, 164 Oh St 405. The Court held—

1. The hearing of exceptions to an inventory under §2115.16 R. C., is a summary proceeding conducted by the Probate Court to determine whether those charged with the responsibility therefor have included in a decedent's estate more or less than such decedent owned at the time of his death.

2. Incidental to such hearing, the Probate Court can determine title to personal property included in such inventory, but it is a matter of discretion whether such summary proceeding shall be employed or the exceptor ordered to pursue other remedies.

3. Under §2115.16 R. C., the Probate Court is not required to conduct an accounting between an exceptor to the inventory and the executor of a decedent's estate.

The Court exercised its discretion to hear the exceptions herein which would therefore give it jurisdiction in the matter at hand, and the motion to dismiss the exceptions is overruled, to which legatees of Mary Catherine Ray, except.

The next question before the Court is whether the checking account in First National Bank, Chesterhill, with amount of $13,607.37 was the property of Mary Catherine Ray at the time of her death and properly stated in the inventory or, was, at the time of said decedent's death, $10,132.32 of said account owned by the late John P. Ray, deceased, and leaving only $3,475.05 as owned by said Mary Catherine Ray at the time of her death with a resulting listing in said inventory account in the sum of $3,475.05.

Said bank account in said The First National Bank, Chesterhill, Ohio, having a balance of $13,607.37 at the time of death of said Mary Catherine Ray was carried in the name of Mary C. Ray, and had been opened on March 3, 1953, with the deposit of a check in the amount of $12,345.81, executed by said Mary C. Ray to withdraw the entire balance of an account at that time carried by said bank in the name of "Mary C. Ray or John P. Ray, address Chesterhill, Ohio." Said John P. Ray had died

on the 4th day of February, 1953, and at that time there was a balance of $20,264.63 in said account carried by The First National Bank, Chesterhill, Ohio, in the name of "Mary C. Ray or John P. Ray." Exceptor alleges in his exceptions that said account carried by said The First National Bank, Chesterhill, Ohio, in the name of "Mary C. Ray or John P. Ray" and leaving a balance therein of $20,264.63 was not a "joint and survivorship account" but was a "tenancy in common account (without survivorship rights)"; that at the death of John P. Ray, one-half of the balance of said account became the sole and separate property of his estate and that there is now due to the estate of John P. Ray, deceased, from said account the amount of $10,132.32 and that the value of the share of the estate of Mary Catherine Ray in said account is $3,475.05.

At the time of the death of John P. Ray, the account in said bank, entitled "Mary C. Ray or John P. Ray" does not in the—entitlement indicate such account to be a survivorship account, and, no evidence being introduced to indicate that by any contract between the bank and one or either of said parties or between said parties; that said account was to be delivered to the survivor, then the survivor Mary Catherine Ray, is not entitled to said account at the death of John P. Ray as such survivor.

This account then appears to be from the title thereof carried at said bank to be a joint account and in Ohio, it is presumed that the interest of the joint depositors is equal in the absence of evidence to the contrary. In re: Thatcher, 30 O. N. P. N. S. 515; **In re: Chittock, dec., 47 O. O. 226; Foraker v. Kocks, Admrx., 41 Oh Ap 210;** 7 Corpus Juris. 640.

Upon trial upon the evidence introduced, the following facts were established:

On the 20th day of January, 1932, Mary C. Ray, who was one and the same person as the Mary Catherine Ray, whose estate is now being administered and about which this proceeding is concerned, opened a checking account in The First National Bank, Chesterhill, Ohio, with a deposit of $200.00, being issued a pass book by said bank in the name of Mary C. Ray, wherein was posted deposits with respective dates thereof on successive lines throughout each page and line in said book and including the last entry dated October 23, 1948, $150.00. That on the 4th day of March, 1939, one Frank Ray died leaving said Mary C. Ray, his surviving spouse of the age of about 73 years and his only child, John P. Ray of the age of about 34 years, who was also the son of said Mary C. Ray, and his estate was administered by said son, John P. Ray, who had been married for about 8 years, and who himself had a son, Frank David Ray, who receives the bulk of this estate in trust by his grandmother's will.

Said the First National Bank, Chesterhill, Ohio, kept a running bookkeeping ledger sheet of the said account opened in the name of Mary C. Ray, being numbered 1, 2, 3 and 4, each headed with the name Mary C. Ray, address Chesterhill, Ohio, whereon were posted the successive deposits and withdrawals, and showing in said ledger account on the last line of page 4 dated August 11, 1939, a balance due depositor $965.51.

Sheet No. 4 having been filled with entries a sheet No. 5 was begun starting with the balance brought forward $965.51. Said sheet No. 5 was marked at the top with the name of Mary C. Ray, address Chesterhill, Ohio. just like the prior sheets but there now appears, as an apparent different typing from that above noted, after the name Mary C. Ray the word "or" and immediately below in said same different typing "John P. Ray." The successive ledger sheets for said account were carried in the names Mary C. Ray or John P. Ray, address Chesterhill, Ohio, until said account was closed out by Mary C. Ray on March 3, 1953, by a withdrawal of the entire balance of $12,345.81, with which said sum said Mary C. Ray on the same day established a new bank account in the name of Mary C. Ray. Upon completely filling said pass book first issued under the name of Mary C. Ray on October 23, 1948, said bank opened a new pass book in account with Mary C. Ray or John P. Ray, with a deposit on November 2, 1948, of $150.00 and thereafter entered successive deposits to said account including the last entry of February 2, 1953—$150.00. Said account was the only checking account of said Mary C. Ray and to said account she deposited her income consisting of rents received from her rental properties and from which she made withdrawals for expenses on said properties, her house and for her living expenses.

Exceptor sought to show a control of said account by John P. Ray, that he made regular substantial deposits of his own money into said account and withdrawals for his own benefit. However, the evidence disclosed the bank book was at all times at the bank, and at no other time did John have it in his possession except perhaps when he went over the transactions with his mother; that none of his funds could be identified as being deposited in said account, except generally that a very small amount of rent for a small office building in Chesterhill, which was not always rented and for perhaps $12.00 that had been deposited in said account; that except for several small checks, about three in number, for personal items for his wife and pictures of his son, each in a small amount, no checks were issued by John P. Ray for other than what might have been repairs for Mary C. Ray's properties; that Mary C. Ray had drawn numerous checks for upkeep and insurance on a Chrysler car, sometimes used for both John P. Ray and his mother, Mary C. Ray; that John P. Ray and his mother periodically, in his mother's home, went over the matter of the account and checks issued, and no doubt the small checks issued for John's personal benefit were considered and approved by his mother, and consideration taken for the small amount of rent taken into said account from said small office building in a manner satisfactory to both John P. Ray and his mother, Mary C. Ray; that John P. Ray lived in places remote from Chesterhill and always had a bank account where he lived wherein he deposited his salary income and withdrew his living expenses. Exceptor introduced no evidence tending to establish any contract or agreement regarding said account or delivery thereof or possession tending to prove a gift to John of any part of said fund.

The bank officers testified there was no contract regarding said

account; that, though there must have been some instructions thereof to add John P. Ray's name to said account, they had no record nor knowledge of who may have given such; that no signature cards were obtained; that they considered John P. Ray an agent of his mother and that the name of John P. Ray was added to said account for convenience; that the deposits to said account were income to Mary C. Ray from her rental properties, except for perhaps a very small part of the rent from said Chesterhill office building, and that the withdrawals by Mary were for her living expenses and upkeep of property, and that those by John were for upkeep and taxes on Mary's properties in Columbus.

It is the opinion of this Court from the evidence, that Mary C. Ray made no gift of this account to her son, John P. Ray, for the evidence fails to disclose a delivery coupled with the intention to pass the property. **Bender v. Cleveland Trust Co., 123 Oh St 588;** distinguished from **Cleveland Trust Co. v. Scobie, 114 Oh St 241,** because here we have no intention to transfer. That the deposit of the small amount of rents from the office building in Chesterhill, which was not always rented and apparently not much of a building and possibly rented for $12.00, if it were deposited in said account, was not a sufficient consideration for the transfer of a joint interest in the account, because this would cause an unjust enrichment of John P. Ray to the detriment of Mary C. Ray. **Bauman v. Walter, 160 Oh St 273;** that John P. Ray was only acting as an agent for his mother for the purpose of helping her care for her properties in Columbus, she being of such an age that she might need help on this:

That Mary C. Ray considered that the money in this account was her own as further evidenced by the fact she wrote checks herself for the care of John's Chrysler car, the fact that no where is it shown that she ever gave the bank the usual written instructions for transferring the account; and that on the death of her son, and after making a settlement with her son's estate by a check on said account, she withdrew all the balance remaining in said account;

That The First National Bank, Chesterhill, Ohio, the only party having knowledge of the transactions being now able to speak considered John P. Ray an agent for his mother, made the change in said account by adding the name of John P. Ray to said account as a matter of convenience without any written order therefor from Mary C. Ray, further evidenced by the fact that the deposit book was carried in the name of Mary C. Ray until November 2, 1948, long after changing the ledger sheet by adding the name of John P. Ray shortly after August 11, 1939; and in permitting her to withdraw all the balance in said account after the death of said John P. Ray;

That, the money in the account in The First National Bank, Chesterhill, Ohio, held in the name of Mary C. Ray and also when held in the name of Mary C. Ray or John P. Ray, was the property of Mary C. Ray and no part thereof was the property of John P. Ray, and that the $20,264.63 balance in said account on the 4th day of February, 1953, the time of death of John P. Ray, was the property of Mary C. Ray and

no part thereof belonged to the estate of John P. Ray, deceased; and that what remained of said balance, transferred into a new account in the name of Mary C. Ray was the property of Mary C. Ray.

In this finding the Court is of the opinion that the facts in this case are very similar to those in **Ferguson v. Deuble, 27 Abs 533**, except in this case there was no withdrawal of the funds by the agent. This case is an application of Rule 2, set forth in **In re. Schroeder, 75 Abs 555** as "If there be no deposit contract and no express provision for survivorship, then in savings and checking accounts the controlling factor should be the way the account is opened and maintained by the depository"

This Court believes the evidence in support of the above opinion is so clear and convincing that it overcomes the presumption of equal joint ownership between Mary C. Ray and John P. Ray.

It is the judgment of this Court that the exceptions to the inventory are not well taken, and overrules the same, that the first item in Schedule D, First National Bank, Chesterhill, Checking Account with the value of $13,607.37 is a properly listed asset in the estate of Mary Catherine Ray, deceased, and the inventory as filed is approved and confirmed. Costs are adjudged against said exceptor. Exceptions to be reserved for the parties, and journal entry prepared in accordance with the above.