GILLOTA, EXRX., APPELLEE AND CROSS-APPELLANT, *v.* GILLOTA, APPELLANT AND CROSS-APPELLEE, ET AL.

[Cite as Gillota *v.* Gillota (1983), 4 Ohio St. 3d 222.]

(No. 82-386—Decided May 11, 1983.)

*Mr. William J. Coyne* and *Mr. Christ Boukis,* for appellee and cross-appellant.

*Schulman & Schulman Co., L.P.A.,* and *Mr. Jack Schulman,* for appellant and cross-appellee.

REILLY, J. Appellant advances two propositions of law:

1. "Where a case on appeal must be remanded due to an intervening and controlling decision of the Ohio Supreme Court which reallocates the burden of proof applicable to the case, it is error and a denial of due process for the Court of Appeals to remand the case without ordering a new trial in which the burden of proof will be allocated correctly."

2. "Testimony concerning statements allegedly made by one co-owner of a joint and survivorship account as to his desired distribution of the funds in such account following his demise is inadmissible in an action seeking to establish the ownership of such funds, unless the alleged statements were made at the time the account was created."

Appellee and cross-appellant sets forth three cross-propositions of law, as follows:

1. "A Court of Appeals may not reverse a judgment as against the weight of evidence if it is supported by some competent, credible evidence on each essential element."

2. "The entire proceeds to a joint and survivorship account, which are totally contributed by one of two individuals, belong during the lifetime to

the contributing party, unless there is clear and convincing evidence of a different intent. If a fiduciary relationship exists between two such individuals and the non-contributing party withdraws the funds during the lifetime of the other, he is liable to return the funds to the estate of the other, upon the subsequent death of the contributing party."

3. "Where the amount of a purported joint and survivorship account is certain and the only issue is whether the estate or the 'survivor' is entitled to the funds, the prevailing party is entitled to reasonable interest on the funds."

As to appellant's first proposition of law and appellee's first cross-proposition of law, *In re Estate of Thompson* (1981), 66 Ohio St. 2d 433 [20 O.O.3d 371], paragraph one of the syllabus, holds:

"A joint and survivorship account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent."

*Thompson* was decided after the trial court's judgment, but prior to the appellate court's decision. Hence, the appellate court relied on *Thompson* in finding that Louis and John had contributed sixty percent and forty percent, respectively, to the funds on deposit. This determination, however, conflicts directly with the trial court's finding "[t]hat there was no evidence that the sum of $300,893.09 or any part thereof belonged to the * * * [appellant]."

The referee and the trial court, which adopted the referee's report, determined appellant's credibility. Thus, it appears that the appellate court substituted its judgment for that of the trier of fact despite *C. E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261].

Appellant contends that if *Thompson* applies, then due process demands that he is entitled to a new trial, since *Thompson* reallocated the burden of proof concerning intent and, thus, he did not have the opportunity to meet that burden. The record, however, in this case, shows a new trial would be futile since appellant testified he could not show the source of the funds and had kept no records. Moreover, the record shows that the contribution to the account came from Louis Gillota. We find that although *Thompson* reallocated to the joint survivor the burden of proof of intent and the joint survivor would have no opportunity to meet that burden without a remand for a new trial, it is permissible and proper to deny a remand when the record clearly demonstrates a new trial would be futile because the joint survivor could not reasonably meet his burden of proof. Therefore, appellant's first proposition of law is not well-taken, and appellee's first cross-proposition of law is well-taken.

As to appellant's second proposition of law, assuming that there was error in this aspect of the case, such error certainly would not have been prejudicial considering that the bank's records resolved most of the conflicting evidence in appellee's favor, along with the fact that the trial court, as the trier of fact, determined appellant's credibility.

Hence, appellant's second proposition of law is not well-taken.

Concerning appellee's second cross-proposition of law, the trial court made a factual determination that appellant did not contribute to the funds involved. Further, the record supports the contention that the sources of the funds in the accounts were originally held in the names of Louis Gillota and/or Daisy Gillota. Therefore, when appellant withdrew the funds, he held them in a fiduciary capacity for his brother Louis. Consequently, appellant had a fiduciary duty to deliver the funds to the estate.

Although the appellate court held that this fiduciary duty existed, it disregarded the trial court's factual finding and held that appellant contributed forty percent of the funds. If the appellate court had not substituted its judgment for that of the trial court, as the trier of fact, it would have correctly held that, under *Thompson,* the trial court should still properly award the entire amount to the estate within the facts of this case. This is so, notwithstanding the fact that *Thompson,* which shifted the burden of proof to appellant, was not decided until after the hearing before the trial court. Accordingly, appellee's second cross-proposition of law is well-taken.

As to appellee's third cross-proposition of law, the amount that appellant withdrew on May 8, 1978, $300,893.09, is certain and it is clear he invested the funds for his own benefit. Since the trial court correctly awarded the funds, the estate is entitled to the entire sum, plus a reasonable amount of interest from May 8, 1978. Thus, appellee's third cross-proposition of law is well-taken.

For the foregoing reasons, the judgment of the court of appeals is reversed, the trial court's judgment is reinstated, and appellee is awarded reasonable interest thereon from May 8, 1978.

*Judgment accordingly.*

W. BROWN, SWEENEY and BROGAN, JJ., concur.

LOCHER, HOLMES and C. BROWN, JJ., dissent.

REILLY, J., of the Tenth Appellate District, sitting for CELEBREZZE, C.J.

BROGAN, J., of the Second Appellate District, sitting for J. P. CELEBREZZE, J.

HOLMES, J., dissenting. The holding in *In re Estate of Thompson* (1981), 66 Ohio St. 2d 433 [20 O.O.3d 371], stands for the proposition that during the lifetime of the parties who have established a joint and survivorship account, such account belongs to the parties in the proportion each put into it, *unless there can be shown a different intent. Thompson,* decided after the trial of this matter, shifted the burden upon the survivor to prove by clear and convincing evidence the intent of the parties as to the ownership of such funds.

The appellant here argues that he proceeded at trial to present his evidence based only upon the law that prevailed prior to *Thompson,* and did

not go forward on the basis of having the burden to present evidence of the proportionate contributions of each, or the burden of showing the intent of the parties. The trial court concluded that the evidence supported a finding that Louis Gillota had placed the sums into the account.

I am in agreement with the majority that the court of appeals erred in determining the percentage of the account which was owned by each of the parties, but disagree as to the question of remand. I am in agreement with the majority that a remand may well be futile insofar as proof of the source of the funds; however, it does not necessarily follow that it would be futile to remand such matter in order to provide the appellant the opportunity to meet the burden of proving that there might have been a different intent of the parties than appeared from the facts pertaining to the contributions to this fund.

Therefore, I would remand this case to the trial court for further proceedings.

LOCHER and C. BROWN, JJ., concur in the foregoing dissenting opinion.