In re James **PHILLIPS, Jr., Bobbie Jo Phillips,** Debtors.

John J. **HUNTER,** Trustee, Plaintiff,

v.

James **PHILLIPS, Jr., et al.,** Defendants.

**Bankruptcy No. 81–02849.**
**Adv. No. 82–0245.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 16, 1984.

John J. Hunter, Toledo, Ohio, pro se.

Ronald R. Henderson, Toledo, Ohio, for debtors and Shirley Ann Coulter.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the Trustee's complaint for recovery of certain funds on deposit with The Huntington National Bank. Considering the evidence adduced at trial and the memoranda of the parties, the Court concluding that the funds involved are either not estate property or, if they are, that they are exemptible under Ohio law, the Trustee's complaint is dismissed with prejudice.

## FACTUAL BACKGROUND

James Phillips, Jr. and Bobbie Jo Phillips filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 30, 1981. Plaintiff, John J. Hunter, is the duly appointed, qualified and acting Trustee of the debtors' estate.

On February 17, 1979 James Phillips, Jr. and his cousin Shirley Ann Coulter established jointly held checking and savings accounts at The Huntington National Bank.

The present balance in these accounts is approximately $13,000.

Joe Coulter, Shirley Ann Coulter's brother, died on December 25, 1978. Shirley Ann Coulter was the sole beneficiary of certain insurance policies on Joe Coulter's life in the amount of approximately $145,000 payable by the Metropolitan Life Insurance Company. Joe Coulter was survived by his two minor children, Tracey Marie Coulter and Monica Lynn Coulter, and his former spouse from whom he was divorced. Shirley Ann Coulter became the legal guardian of Joe Coulter's two minor children.

In lieu of one lump sum settlement, Shirley Ann Coulter elected to receive the insurance proceeds from her brother's death in a lump sum payment of $25,000, plus quarterly installments over a period of 15 years in an amount ranging from $3,017.06 to $3,664.16. All deposits to The Huntington account held by Phillips and Coulter had their sole origin in these insurance proceeds.

Shirley Ann Coulter decided to use part of the insurance money payable on her brother's death to establish a "trust" fund for Joe Coulter's two minor children. Being uncertain as to how this could be accomplished, she enlisted the help of her cousin, James Phillips, Jr., who had college training in the field of accounting and who had work experience in the fields of accounting, tax preparation, and insurance sales.

According to Shirley Ann Coulter's testimony, the accounts established at The Huntington Bank were to be used to fund a trust account for Monica Lynn and Tracey Marie Coulter who had reached the ages of 12 and 10 respectively at the time of Joe Coulter's death. The accounts were jointly held by Shirley Ann Coulter and James Phillips, Jr. so that while Phillips could use his business experience in advising and assisting in establishing investments for the girls, Coulter could maintain control over disbursement of the funds.

No trust fund per se was ever established with the money deposited at The Huntington National Bank. Instead, funds were disbursed to purchase certain "endowment" insurance policies on the lives of Monica Lynn and Tracey Marie Coulter with the Metropolitan Life Insurance Company (Metropolitan), to purchase additional insurance on the girls' lives with the Western-Southern Life Insurance Company, and for certain personal "loans" to both James Phillips, Jr. and Shirley Ann Coulter.

A provision in the policy with Metropolitan named James Phillips, Jr. as the owner and beneficiary with Shirley Ann Coulter as successor owner and beneficiary in the event of James' death before the girls. These "endowment" policies called for annual insurance premiums of approximately $1,900 and, if all premiums were paid, had a guaranteed cash value of $30,000 at the end of 15 years. The policies also had certain cash surrender values before 15 years and paid annual cash dividends. James Phillips, Jr. as owner of the policies, had the right to exercise all rights under the policy during the lives of the girls.

In addition to these annual payments on the Metropolitan insurance policies, there were certain "loans" from The Huntington account to James Phillips, Jr. While not evidenced by a note, checks were drawn on the joint account payable to James Phillips, Jr. totalling approximately $10,000. In each case, except one, there was a memorandum on the check indicating it was a loan. With regard to the check without a designation, the testimony revealed that it was the second installment of a $7,000 loan which Shirley Ann Coulter agreed to make to James Phillips, Jr. evidenced by an earlier check which was designated as a loan.

The remaining disbursements from the account were to pay premiums on the Western-Southern life insurance policies on the lives of the Coulter children, to pay James Phillips, Jr. a fee for services rendered in connection with setting up the "trust" fund, and what was designated a "loan" to Shirley Ann Coulter. The Western-Southern insurance policies were "owned" by Shirley Ann Coulter. The fees paid to Phillips were in the form of a check

for $312.48 which was drawn on the same day a deposit was made to the account of $3,124.78. This was consistent with James Phillips, Jr.'s testimony that his compensation as trustee was to be at the rate of 10% of the funds administered. The "loan" to Shirley Ann Coulter evidenced by a check dated March 3, 1979 substantiated her testimony that, while absolute owner of the funds deposited into the account, she considered the monies committed to the care and benefit of Joe Coulter's children.

An additional account was established at The Huntington National Bank in the name of Bobbie Jo Phillips only. Bobbie Jo Phillips testified that while this account was in her name only, the funds belonged to and were for the use and benefit of her mother.

## DISCUSSION

The Trustee asserts two alternative theories as grounds for recovery of some or all of the monies in the joint accounts (Nos. 04478083215 and 02474257623, hereinafter "the joint account") at The Huntington National Bank. First, the Trustee contends that the debtor, as the nominal joint depositor of the monies on deposit with the bank, is presumed therefore to share equally in the ownership of the money. Furthermore, the Trustee contends, the facts of this case do not permit recognition of any exception to this rule. Second, the Trustee asserts ownership of the funds by virtue of his "strong arm" powers pursuant to 11 U.S.C. § 544(a). Defendants, on the other hand, assert that ownership of the funds are presumed to belong to the parties in proportion to their contributions to the sums on deposit. Defendants contend that Shirley Ann Coulter, not James Phillips, Jr. was the sole source of the funds deposited, and that the evidence shows her intent to maintain her status as absolute owner of the funds. Defendants also deny that the ownership interest of Shirley Ann Coulter is defeasible by virtue of the Trustee's power of avoidance.

■ The most recent pronouncements of the Supreme Court of Ohio make it clear that a joint and survivorship bank account belongs, during the lifetime of the parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent. *In re Thompson* 66 Ohio St.2d 433, 423 N.E.2d 90 (1981). *See also, Gillota v. Gillota,* 4 Ohio St.3d 222, 448 N.E.2d 802 (1983) (*Thompson* approved and followed). The *Thompson* court, however, expressly declined to adopt the same presumption for use on accounts other than joint and survivorship accounts. 66 Ohio St.2d at 439 n. 1, 423 N.E.2d at 94 n. 1. Therefore, with regard to joint bank accounts wherein the right of survivorship is not expressed, the controlling line of authority in Ohio holds that, in the absence of evidence to the contrary, the interests of the parties thereto are equal. *Rogos v. Gaydos,* 110 Ohio App. 263, 161 N.E.2d 790 (1959); *Foraker v. Kochs,* 41 Ohio App. 210, 180 N.E. 743 (1931). *See also, Parker v. Parker,* 30 Ohio Op.2d 551, 203 N.E.2d 513 (P.Ct.1965); *In re Ray,* 79 Ohio Law Abs. 368, 156 N.E.2d 210 (P.Ct. 1958); *In re Schroeder,* 75 Ohio Law Abs. 555, 144 N.E.2d 512 (P.Ct.1957); *In re Mayforth,* 2 Ohio Op. 430 (P.Ct.1935). In either case, however, the presumption can be rebutted by showing that the "realities of ownership" were otherwise. *See In re Thompson, supra,* 66 Ohio St.2d at 439, 423 N.E.2d at 95; *Union Properties, Inc. v. Cleveland Trust Co.,* 152 Ohio St. 430, 435, 89 N.E.2d 638, 641 (1949). The controlling factor is the intention of the parties, *see Union Properties Inc. v. Cleveland Trust Co., supra; In re Hatch,* 154 Ohio St. 149, 152, 93 N.E.2d 585, 587 (1950), each case being decided on its own facts. *Fecteau v. Cleveland Trust Co.,* 171 Ohio St. 121, 125, 167 N.E.2d 890, 893 (1960).

■ In the present case, the signature card on file with The Huntington Bank shows that the accounts in question were joint accounts requiring the signatures of both James Phillips, Jr. and Shirley Ann Coulter. Since joint tenancy with incidental right of survivorship does exist in Ohio unless definitively contracted for, *Foraker v. Kochs, supra,* 41 Ohio App. at 217, 180

N.E.2d 743, the parties must be considered to have established a simple joint account without the right of survivorship. The presumption, according to the foregoing decisions, then, is that the parties share equally in the ownership of the funds. The facts adduced at trial, however, definitively showed that the "realities of ownership" were otherwise.

■ The evidence shows that Shirley Ann Coulter was the sole owner and depositor of the funds on deposit at The Huntington Bank. Her testimony, corroborated by that of her cousin, representatives of her deceased brother's employer and the Metropolitan Life Insurance Company, was that she intended to use the money to set up a trust account for the benefit of the two minor children of her deceased brother. James Phillips, Jr.'s name was placed on the account not with the intention of making him a co-owner of the funds on deposit, but with the intention of utilizing his perceived skills and abilities in investing the money for the benefit of Shirley Ann Coulter's wards.

The Trustee urges that this is not a case in which the joint account was created for the sole use and convenience of the depositor. *In re Stevenson*, 64 Ohio App.2d 187, 412 N.E.2d 409 (1979). *Cf. Union Properties, Inc. v. Cleveland Trust Co., supra.* (Sole depositor to account had sole ownership on showing that other party's name placed on account because an injury prevented the depositor from going to the bank); *In re Svab*, 11 Ohio St.2d 182, 228 N.E.2d 609 (1967) (Survivorship interest not created where creator of account placed other party's name on account solely to allow other person to assist her in conducting her business affairs). In particular, the Trustee points to the fact that interest income on the account was reported on the tax return of James Phillips, Jr., and that funds from the account were used for the personal and business expenses of James Phillips, Jr. and to purchase life insurance contracts upon which Phillips was the sole owner and beneficiary, as evidence that Phillips holds a present interest in the funds in question. The Court having considered the evidence and arguments of the Trustee, nevertheless, concludes that James Phillips, Jr. holds no present interest in the funds remaining on deposit.

The use of Phillips' tax identification number for reporting interest income on the account and the fact that Phillips was owner and beneficiary of the Metropolitan life insurance policies on the lives of Monica Lynn and Tracey Marie Coulter are consistent with Shirley Ann Coulter's intention of eventually using the funds to create a trust for the benefit of her wards. While this intention was never realized, in part due to Phillips' inactivity in carrying forth her intentions, considering the credibility and demeanor of the witnesses, the documentary evidence of record, such as the applications to the Metropolitan Life Insurance Company on the lives of the girls showing Phillips' relation to the girls as "trustee/cousin", the Court nevertheless believes that the controlling factor, Shirley Ann Coulter's intention, shows that Phillips was never meant to hold any interest in the funds on deposit as absolute owner.

Similarly, while the evidence showed that checks in the amount of $10,000 were drawn on the account to Phillips for his personal and business expenses, the testimony and evidence admitted shows these checks were meant to be personal loans to Phillips, and not meant to grant Phillips an interest in the account. All the checks were drawn with Shirley Ann Coulter's knowledge and consent to their use. The signature card with the bank and the checks drawn, with one exception, showed that both Phillips' and Coulter's signatures on the checks were required and used on each check drawn on the account. From all the evidence, it is clear that Shirley Ann Coulter maintained control over the use and disposition of the funds notwithstanding the fact that it was jointly established.

The Court thus finding that, under the circumstances of this case, that the funds remaining in the account are solely owned by Shirley Ann Coulter and were not the jointly held property of her and Phillips,

153

the Trustee's claim to ownership of any of these funds is rejected. The Court need go no further and decide the true ownership of the funds on deposit in account no. 04478056899 in the sole name of Bobbie Jo Phillips since, by amendment to the schedule of exemptions dated April 13, 1982, debtors duly exempted these funds under §§ 2329.66(A)(4)(a) and (A)(17) R.C. The Trustee's objection to the exemptions are not well taken and are denied.

 The Court also rejects the Trustee's contentions that he has any rights to recovery under § 544 of the Code. While it is true that, if its rules so provide, a bank may deduct a setoff from a joint account even though the party owing the bank made no deposits to the account, *Chickerneo v. Society National Bank*, 58 Ohio St.2d 315, 390 N.E.2d 1183 (1979), the Court is aware of no authority that would permit the Trustee to succeed to any right to setoff held by the bank. 11 U.S.C. § 544(a)(1) and (2) do not confer any greater right on the trustee than those accorded by applicable law to a creditor holding a lien by legal or equitable proceedings. 4 *Collier on Bankruptcy* ¶ 544.02 at 544–10 (15th ed. 1982). Under Ohio law, however, a judgment creditor of one joint depositor may not recover against the funds in a jointly held account where those funds are in reality the sole property of the other joint depositor. *See Union Properties, Inc. v. Cleveland Trust Co., supra,* 152 Ohio St. 430, 89 N.E.2d 638. The Trustee's powers of avoidance under §§ 544(a)(1) and (2) thus do not permit recovery of the funds in this case. The Court also rejects any claims asserted by the Trustee under § 544(a)(3) or § 544(b).

For the foregoing reasons, it is hereby,

ORDERED, ADJUDGED AND DECREED that the Trustee's complaint for recovery be, and hereby is, dismissed with prejudice. It is further,

ORDERED that The Huntington National Bank pay all the monies on deposit in Account Nos. 04478083215 and 02474257623 to, or to the order of Shirley Ann Coulter. It is further,

ORDERED that The Huntington National Bank pay all monies in Account No. 04478056899 to Bobbie Jo Phillips.