Zimmerman, J.
 

 In the case of
 
 Cleveland Trust Co.
 
 v.
 
 Scobie, Admr.,
 
 114 Ohio St., 241, 151 N. E., 373, 48 A. L. R., 182, this court laid down the rule, since adhered to in principle, that where one opens a savings account in a bank to the joint credit of himself and another, payable to either or the survivor, and it is apparent that the depositor intended to transfer to the person, to whom he made the account jointly payable, a present joint interest therein equal to his own, the person to whom the account is made jointly payable is entitled to the balance of the money in the account upon the death of the depositor as against the claim thereto of the depositor’s personal representative.
 

 Section 710-120, General Code, enacted solely for the benefit and protection of banks, provides:
 

 “When a deposit has been made, or shall hereafter be made in any bank or trust company transacting business in this state in the name of two or more persons, payable to either, or the survivor, such deposit or any part thereof, or any interest or dividend thereon, may be paid to either of said persons whether the other be living or not; and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payments so made.”
 

 
 *434
 
 Basing its argument upon the holding in the
 
 Scobie case, supra,
 
 language used in the opinion in that ease, other cited cases and Section 710-120, General Code, Union Properties, Inc., contends that under the contract of deposit, John Allen was invested with a present joint and equal interest in the deposit which would have enabled him to withdraw all the funds at anytime, hence, Union Properties, Inc., pursuant to its judgment against John Allen and the order in aid of execution issued thereon, can compel the appropriation of the funds in the account to itself in the right of John Allen.
 

 Most of the cases decided by this court relating to so-called joint and survivorship bank accounts dealt with the status and rights of the survivor. Under those decisions, the survivor has been held entitled to the balance in the account because he ostensibly acquired a joint and equal interest in the funds under the contract of deposit and nothing transpired during the lives of the depositors to indicate that the intention was different from that expressed in such contract. See
 
 Berberick
 
 v.
 
 Courtade,
 
 137 Ohio St., 297, 28 N. E. (2d), 636, and the eases cited therein.
 

 However, no question of a survivor’s rights is involved in the present controversy. Neither do we have a situation where a bank complied with an order in aid of execution and paid the deposit to the judgment creditor of one of the depositors. Here, we are concerned wholly with a subsisting deposit intact and the rights, intention and attitude of the depositors with respect thereto during their joint lives.
 

 In our opinion, in controversies like the present one involving the deposit and arising during the joint lives of the depositors, the form of the deposit should not be treated as conclusive on the subject of joint owner
 
 *435
 
 ship and the door should be opened to evidence that the deposit was in truth made and maintained on a different basis'. In other words, the “realities of ownership” may be shown. The leading case in the United States supporting this rule is
 
 Moskowitz et al., Exrs.,
 
 v.
 
 Marrow,
 
 251 N. Y., 380, 167 N. E., 506, 66 A. L. R., 870, concurring opinion by Chief Judge Cardozo, approved by five of the associate judges. Compare
 
 Buckley
 
 v.
 
 Buckley,
 
 301 Mass., 530, 17 N. E. (2d), 887;
 
 People’s Savings Bank in Providence
 
 v.
 
 Rynn,
 
 57 R. I., 411, 417, 190 A., 440, 443.
 

 Contained in a note appearing in the annotation in 161 A. L. R., at page 73, is the following comment:
 

 “In general, the cases concede, or assume, that parol or other evidence is admissible to show the true intent of the parties to a formally joint account, even where by signature, card or otherwise it would appear that joint and equal interests were created.”
 

 The above principle was recognized in
 
 Nichols
 
 v.
 
 Metropolitan Life Ins. Co.,
 
 137 Ohio St., 542, 548, 31 N. E. (2d), 224, 226, where Judge Turner said in the opinion:
 

 “Had appellant attempted to withdraw the funds in the joint account while the bank was open for business and had the bank refused to permit such withdrawal, appellant might have secured a several judgment upon the ground that her right to the entire deposit had become fixed by her demand. Even then, it would have been necessary to have^ made the mother a party, with opportunity to set up whatever claims the mother might care to put forward.”
 

 This court does not weigh evidence. Both the lower courts found, in effect, upon evidence of sufficient probative force that, notwithstanding the form of the account in the bank, the money on deposit was in reality the sole property of Needa Allen and that in opening the account and subsequently it was not the intention
 
 *436
 
 that John Allen should have a joint and equal interest therein. This being so, it followed that Union Properties, Inc., could not appropriate the money in the account to satisfy the judgment it held against John Allen alone.
 

 The judgment of the Court of Appeals is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Stewart, Turner and Taet, JJ., concur.