IN RE ESTATE OF SVAB: BEAVER, APPELLANT, *v.* REDMOND, ADMR., APPELLEE.

(No. 40627—Decided July 19, 1967.)

*Mr. Robert Merkle* and *Mr. Verne L. Harris,* for appellant.
*Messrs. Summers & Wilson* and *Mr. Harry L. Griffith,* for appellee.

*Per Curiam.* Appellant contends that in order to sustain the joint and survivorship character of a bank account the survivor need prove no more than full compliance with the rules of the bank. We agree with this proposition and therefore disagree with the rationale of the Court of Appeals as expressed in

the first four paragraphs of its syllabus (8 Ohio App. 2d 80). The accounts in this case were properly created with respect to form.

It does not necessarily follow, however, that the survivor is entitled to the balance of these accounts. As was stated in paragraph three of the syllabus in *Fecteau* v. *Cleveland Trust Co.*, 171 Ohio St. 121, "the fact that a bank account is carried in the names of two persons jointly with right of survivorship is not always conclusive as to the ownership of the account, and, when a controversy arises as to the ownership of such account, evidence is admissible in a proper case to show the true situation." Stated differently, "* * * the form of the deposit should not be treated as conclusive on the subject of ownership and the door should be opened to evidence that the deposit was in truth made and maintained on a different basis. In other words, the 'realities of ownership' may be shown." *Union Properties, Inc.*, v. *Cleveland Trust Co.*, 152 Ohio St. 430, 434 and 435.

When the exceptions to the inventory were filed a controversy arose and it became necessary that evidence be submitted to the court to establish the "realities of ownership." Such evidence as there was revealed that the transactions concerning the accounts were made for Josephine Svab by Mary Ann Beaver, that the money deposited in the accounts was that of Josephine Svab, and that at the time the joint accounts were created Josephine Svab was relying on her daughter to assist her in conducting her business affairs. There was no evidence of an intention on the part of Josephine Svab to create any personal interest in the accounts in favor of Mary Ann Beaver, who was only one of several children of Josephine Svab, other than the form on the bank signature cards, of which the decedent with her defective vision may have been completely unaware.

The logical inference from these facts is that the use of joint and survivorship accounts was merely a matter of convenience for Mary Ann Beaver, since she was acting in a capacity similar to that of a fiduciary for the decedent. This inference, combined with the fact that the party seeking to uphold the survivorship account is the plaintiff in this action and that the plaintiff was in such a close relationship with the decedent, justifies placing the burden upon Mary Ann Beaver to

show that the decedent intended to transfer an interest in the accounts to her.

We believe that the bank signature cards by themselves do not constitute enough evidence of an intention on the part of Josephine Svab to provide an interest in the survivor to sustain the burden which the particular facts of this case have justified placing upon the plaintiff. Therefore, the conclusions of the Probate Court and the Court of Appeals in denying plaintiff's claim and in including the money in the accounts in the property of the estate were proper.

*Judgment affirmed.*

Taft, C. J., Zimmerman, Troop, O'Neill, Herbert, Schneider and Brown, JJ., concur.

Troop, J., of the Tenth Appellate District, sitting for Matthias, J.