In re Estate of Duiguid.

[Cite as In re Estate of Duiguid (1970), 24 Ohio St. 2d 137.]

138

(No. 69-758—Decided December 16, 1970.)

*Mr. Paul Mancino, Jr.,* and *Mr. Burt H. Sagen,* for appellant.

*Mr. James A. Haynes,* for appellee.

LEACH, J. At the time the motion to certify the record was filed in this case, we had not yet decided *Miller* v. *Yocum* (1970), 21 Ohio St. 2d 162, and it was argued by appellant that the judgments of the lower courts were based on the conclusion that the appointment of a guardian for William, as a matter of law, terminated the joint and survivorship nature of the account, resulting in each codepositor being entitled to the portion of the funds representing his contribution thereto.

In *Miller* v. *Yocum,* the syllabus reads:

"Where a person, now deceased, created during her lifetime a joint and survivorship bank account for the benefit of the survivor, *and the trial court finds that the deceased intended to create a joint and survivorship account,* and the evidence and the record support that finding, the fact that the decedent, after she had created the account, was declared to be an incompetent and a guardian was properly appointed for her, does not, as a matter of law, terminate the joint and survivorship nature of the account." (Emphasis added.)

In the instant case, however, it appears from the record that the trial court did not find that deceased intended to create a joint and survivorship account. To the contrary, the trial court found, as a matter of fact, that "Wil-

liam Duiguid never intended to transfer to his brother, Charles Duiguid, a present joint interest in the savings account, but entered Charles' name on the account for convenience only.'' Although the trial court also stated that ''those funds should have been transferred to his [guardianship] estate,'' such conclusion was not based on the theory, rejected by this court in *Miller* v. *Yocum,* that the appointment of a guardian, as a matter of law, would terminate the joint and survivorship nature of the account. Instead, it was based on the conclusion that the funds in the savings account already ''belonged to William Duiguid on February 4, 1966, the date that he was declared incompetent by reason of physical disability.''

''The fact that a bank account is carried in the names of two persons jointly with right of survivorship is not always conclusive as to the ownership of the account, and, where a controversy arises as to the ownership of such account, evidence is admissible in a proper case to show the true situation.'' *Fecteau* v. *Cleveland Trust Co.* (1960), 171 Ohio St. 121 (paragraph three of syllabus).

Where the evidence is such that reasonable minds might differ as to the intention of the person creating such an account, a question of fact is presented for the determination of the trial court. The finding of the trial court, where it is ''found upon evidence of sufficient probative force,'' will not be reversed on appeal notwithstanding such finding is contrary to the *form* of the deposit. *Union Properties, Inc.,* v. *Cleveland Trust Co.* (1949), 152 Ohio St. 430. See, also, *In re Estate of Svab* (1967), 11 Ohio St. 2d 182.

The existence of a joint and survivorship bank account raises only a rebuttable presumption that coowners of the account share equally in the true ownership of the funds on deposit, and where the trial court finds that the realities of ownership are not in accord with the form of the deposit, the Supreme Court will reverse a judgment based on such finding only where there is an absence of relevant evidence which would warrant such a finding.

Thus, the only real issue presented by this case at this time is whether the trial court was warranted in concluding from the evidence that the ''realities of ownership'' were

different from the appearance of equality of interest. *Union Properties, Inc.,* v. *Cleveland Trust Co., supra* (152 Ohio St. 430); *In re Estate of Svab, supra* (11 Ohio St. 2d 182).

As noted by Zimmerman, J., in the case of *In re Estate of Hatch* (1950), 154 Ohio St. 149, 153, "this court is not required to and ordinarily does not weigh the evidence." In paragraph two of the syllabus of *Gates* v. *Bd. of Edn. of River Local School Dist.* (1967), 11 Ohio St. 2d 83, we held that the findings of a trial court "will be disturbed by the Supreme Court only if unsupported by the evidence and not if that finding merely appears to be against the weight of the evidence."

Appellant, in effect, would isolate the evidence available for consideration by the trial judge to the form of the account, and to the testimony of Charles on direct examination that in 1954 William came to Pennsylvania, secured his signature, and told him "that money is there for you and me." All other evidence of actions (or failures to act) on the part of William, William's guardian, or Charles would be excluded by appellant on the basis of the claim that events after 1954 have no relevancy to the question of William's intent at that time. We reject this claim. Subsequent acts of the parties may reflect, as circumstantial evidence, on the question of intent. Cf. *Mosier* v. *Parry* (1899), 60 Ohio St. 388.

In *Cleveland Trust Co.* v. *Scobie* (1926), 114 Ohio St. 241, one of the evidentiary factors leading to the conclusion that the named survivor on the account was entitled to the balance was that the person who opened the account had never "revoked the [the survivor's] authority to draw." In the case of *In re Estate of Hatch, supra* (154 Ohio St. 149), note was taken of the fact that the person who established the account "took no affirmative action during the remainder of her life to impair, alter or nullify the agreement, as she might have done." In *Miller* v. *Yocum, supra* (21 Ohio St. 2d 162), observation was made that "the guardian did nothing to disturb the survivorship nature of this account."

*Sage* v. *Flueck* (1937), 132 Ohio St. 377, is authority

for the proposition that "exclusive possession of the passbook by the creator of a joint and survivorship bank account does not *necessarily* operate prejudicially to the rights of the remaining joint depositors under the contract of deposit." (Emphasis added.) However, it is not authority for the proposition that retention of the passbook by the creator of the account (without which withdrawals by the coowner are rendered difficult if not impossible), when coupled with other evidence tending to negate an intent to create "a present joint interest equal to his own" (*Cleveland Trust Co.* v. *Scobie, supra* [114 Ohio St. 241]), is insufficient to warrant a finding, as a matter of fact, that a joint and survivorship account does not exist.

In this case, in addition to the evidence as to retention of the passbook by William, there was evidence of exclusive deposits and withdrawals by William; the complete lack of knowledge of Charles as to the amount of money in the account; Charles' testimony that "I had no right" to make withdrawals; Charles' statement that William told him in 1954 that *if* he had anything coming at William's death he should come and get it; the January 1966 will of William leaving his entire estate to Charles and Nolden, share and share alike, at a time when William's only asset apparently was the monies in the savings account; and the efforts of William's guardian, on William's behalf, during his lifetime to terminate the survivorship feature of the account, and the efforts of William himself to do the same.

Considering all of such evidence, we think it clear that the judgment of the Probate Court, was "found on evidence of sufficient probative force" to support such judgment.

The judgment of the Court of Appeals, affirming the judgment of the Probate Court, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, GUERNSEY and STERN, JJ., concur.

GUERNSEY, J., of the Third Appellate District, sitting for CORRIGAN, J.