STEINHAUSER, ADMX., APPELLANT, *v.* REPKO, APPELLEE, ET AL.

[Cite as Steinhauser v. Repko (1972), 30 Ohio St. 2d 262.]

(No. 71-626—Decided June 21, 1972.)

*Mr. Lawrence J. Damore*, for appellant.
*Mr. Theodore R. Cubbison*, for appellee.

O'Neill, C. J.    John Repko had little or no understanding of financial matters and depended upon his relatives for advice.  After accumulating a substantial amount of money at home, upon the advice of his sister, he decided

to rent a safe deposit box. His niece told him that it was "advisable" to have "someone on the box" with him.

Sometime thereafter, when decedent met with appellee and her husband, he said: "Mildred, I want you on the safety deposit box with me." Appellee's husband testified that the decedent stated he read and understood the lease agreement with the bank. However, when he was asked on cross-examination whether his brother intended to make a gift of this money to appellee, he answered, "I do not know John's mind."

Decedent and appellee went to the Lowellville Savings and Banking Co. together. They obtained a form, entitled "Lease of Safe Deposit Box," which, in paragraph four, provides: "Lessor shall not be liable in the event that property belonging to two or more persons having joint access to a box be misappropriated by one or more of those having such access. Unless otherwise specifically provided in writing, a rental contract signed by two or more lessees, constitutes a separate rental to each * * *. In all cases of joint lessees, it is hereby declared that each of them has such interest in the entire contents of said box as to entitle him or her to the possession thereof, without liability to lessor for misappropriating same * * *."

Paragraph ten of the lease provides:

"In case the lessees are joint tenants and have indicated below their signatures hereto that they are joint tenants with right of survivorship (but only in such cases, it being agreed that two or more lessees are tenants in common unless they have agreed to be joint tenants with right of survivorship by executing this lease as such joint tenants) it is hereby declared that all property of every kind at any time * * * placed in said box is the joint property of both lessees and upon the death of either, passes to the survivor subject to inheritance tax laws."

Near the bottom of this form were lines indicating where the signatures should be placed. Above the lines on the left side of the form, appeared the instruction: "If 'joint tenants with right of survivorship,' sign here."

Above the lines on the right side, appeared the instruction: "If 'tenants in common,' sign here." Both John Repko and Mildred L. Repko, in their own handwriting, signed on the left side.

The money originally placed in the box was the sole property of the decedent, and it is conceded by appellee that all the currency found in the box at the inventory was placed there by decedent.[1]

When the box was rented, two keys were furnished by the bank. The Probate Court judge found that appellee was given one of these keys. While he did not explicitly find that appellee had that key subsequent to John Repko's death, he apparently did so conclude. In any event, appellant does not here contend that appellee did not possess a key subsequent to John Repko's death.

After the safe deposit box was rented decedent told his niece (the same one who told him it was "advisable" to have "someone on the box" with him) that appellee was "on the box" with him. Likewise, appellant also testified that decedent told her many times that appellee was "on the box" with him.

When the box was inventoried, in addition to the currency, it was found to contain five United States Savings Bonds (Series E) payable to John Repko or another relative. No bond was payable to appellee, and in this action she does not claim the bonds as hers.

The Probate Court judge found no *inter vivos* gift of the currency "because the decedent did not relinquish ownership, dominion or control over it." He found as controlling "that the contract clearly spells out the survivorship intention" and that the "evidence of the decedent's intention * * * confirmed the provisions of the written contract." Accordingly, he rendered judgment for appellee.

Appellant contends that no present interest in the

---

[1] The record reveals that only decedent entered this safe deposit box during the ensuing ten-year period. He entered it six times.

contents of the safe deposit box was vested in appellee prior to decedent's death because the transfer did not comply with the requisites for a valid gift *inter vivos*.

Although the question has been decided in other jurisdictions (see annotation, 14 A. L. R. 2d 982, Section 6), this is a case of first impression in Ohio. Because this court finds that the principles applied by Ohio courts in analogous cases of joint and survivorship bank accounts are applicable in the instant case, it would serve no useful purpose to discuss the cases in other jurisdictions. Those cases were not decided upon any special rules of law peculiar to the legal relationships arising because of the rental of a safe deposit box, but were decided upon the basis of each state's own rules of law governing, generally, joint tenancies with rights of survivorship.

"From a perusal of * * * [precedent] it will be observed that Ohio has adopted and applied the so-called contract theory as distinguished from the gift or trust theory." *Rhorbacker* v. *Citizens Bldg. Assn. Co.* (1941), 138 Ohio St. 273, 275, 34 N. E. 2d 751.

Paragraph two of the syllabus of *In re Estate of Hutchison* (1929), 120 Ohio St. 542, 166 N. E. 687, states:

"While joint tenancy with the incidental right of survivorship does not exist in Ohio parties may nevertheless contract for a joint ownership with the right of survivorship and at the death of one of the joint owners the survivor succeeds to the title to the entire interest * * * by the operative provisions of the contract." Such a contract needs no consideration and may be unilaterally created. See *Rhorbacker* v. *Citizens Bldg. Assn. Co., supra.*

Paragraph one of the syllabus in *Oleff* v. *Hodapp* (1935), 129 Ohio St. 432, 195 N. E. 838, states:

"A joint and survivorship account entered into by and between two parties * * * is a contract *inter vivos*, carrying a *present, vested interest*, and can in no wise be affected by the laws of descent and distribution."

Similarly, paragraph one of the syllabus in *Sage* v. *Flueck* (1937), 132 Ohio St. 377, 7 N. E. 2d 802, states:

"Where a joint bank account is, by the creator thereof, made 'payable to either or the survivor,' the right of survivorship vests in the joint depositors by virtue of contract."

In that opinion, at page 381, it is stated:

"Under this contract of deposit Frances Schmitt created and vested in Theodore and Catherine, *in praesenti,* a joint interest in the deposit, equal to her own * * *."

A similar argument against the creation of a joint and survivorship bank account was made in *Cleveland Trust Co.* v. *Scobie* (1926), 114 Ohio St. 241, 151 N. E. 373. In rejecting that argument, the court acknowledged that no valid gift was perfected because "there was no delivery, actual or constructive, of the fund to his sister [surviving joint tenant]." The court, however, upheld the surviving joint tenant's interest in the account because the decedent, by contract, created a present, equal joint interest in her, and such interest was "equal to his own." Because of the nature of such ownership, the court rejected any requirement of delivery, actual or constructive. Similarly, in the instant case, because of the nature of such ownership, this court rejects any requirement of delivery, actual or constructive. *Bolles* v. *Toledo Trust Co.* (1936), 132 Ohio St. 21, 4 N. E. 2d 917, distinguished.

Accordingly, the Probate Court judge's finding of "no gift *inter vivos*" did not preclude a finding of a present interest in appellee. All that is necessary to find a vested present interest is that the absolute owner intended to create and does create, by contract, "such rights in another that the prior absolute owner's rights may be completely divested by such other person." *In re Estate of Evans* (1962), 173 Ohio St. 137, 140, 180 N. E. 2d 827. "* * * a transfer of this nature is not a gift of the deposit [or the contents of the box] * * * but rather a gift of the interest therein created by contract." *Sage* v. *Flueck, supra* (132 Ohio St. 377, 382). Thus, this court also concludes that it is not requisite that the absolute owner relinquish

complete ownership, dominion and control over the *res*. Such conclusion is compelled when the nature of the two types of ownership is analyzed.

The Probate Court judge found, and his opinion shows, that decedent intended to and did create, by contract, a present interest in the contents of the safe deposit box in appellee.[2] The record amply supports that finding. *Inter alia*, it shows that: Both decedent and appellee participated in the formation of the contract; prior to its formation decedent stated that he read and understood the lease agreement; both signed under the heading "joint tenants with right of survivorship" instead of signing under the heading "tenants in common"; for approximately ten years thereafter appellee possessed a key to that box; decedent intended that she possess the key; she possessed that key after his death; and sometime after the box was leased decedent told at least two persons that appellee "was on the box" with him.

The lease agreement, like a joint and survivorship bank account agreement, is a contract. It vests in the co-lessee, as it does in the co-depositor, a present, equal joint interest in the *res*. Upon the death of one of the co-lessees, as upon the death of one of the co-depositors, the survivor becomes the absolute owner of the *res* by the operative provisions of the contract.

Admittedly, it is always open to the party contending that no valid joint and survivorship contract was created to show the "realities of ownership." *Union Properties* v. *Cleveland Trust Co.* (1949), 152 Ohio St. 430, 89 N. E. 2d 638; *Fecteau* v. *Cleveland Trust Co.* (1960), 171 Ohio St. 121, 167 N. E. 2d 890. And "where the trial court finds that the realities of ownership are not in accord with the form of the * * * [contract], the Supreme Court will

---

[2]In his opinion, Judge Henderson stated: "* * * the only extraneous evidence of the decedent's intention * * * confirmed the provisions of the written contract, and was to the effect that the decedent wanted Mrs. Repko to have *access to the box and its contents during his lifetime* and title to the money at his death." (Emphasis added.)

reverse a judgment based on such finding only where there is an absence of relevant evidence which would warrant such a finding." *In re Estate of Duiguid* (1970), 24 Ohio St. 2d 137, 265 N. E. 2d 287. By attacking the realities of ownership, that party is, in effect, attempting to show either that no present interest was created or that no right of survivorship was intended. Compare *Union Properties* v. *Cleveland Trust Co., supra,* and *Fecteau* v. *Cleveland Trust Co., supra,* with *Bender* v. *Cleveland Trust Co.* (1931), 123 Ohio St. 588, 176 N. E. 452, and *Bauman* v. *Walter* (1953), 160 Ohio St. 273, 116 N. E. 2d 435.

However, the party seeking to uphold the joint and survivorship contract (appellee in the instant case) is benefited by a presumption that both parties to the contract are rebuttably presumed to share equally in the *res.*[3] Thus, appellant's contention that the lease agreement, by itself, is ineffective to vest title to the property in the surviving joint tenant, is erroneous. In the absence of any evidence, that presumption is sufficient, as a matter of law, to sustain a judgment upholding the joint and survivorship contract.

There is some dispute as to which party had the burden of proof. While this court has not enunciated a general rule governing all situations, we have generally required the party seeking to uphold the contract to bear this

---

[3]The syllabus in *In re Estate of Duiguid, supra* (24 Ohio St. 2d 137), states:

"The existence of a joint and survivorship bank account raises only a rebuttable presumption that coowners of the account share equally in the ownership of the funds on deposit * * *."

Similarily, the opinion in *In re Estate of Svab,* 11 Ohio St. 2d 182, 183, states:

"Appellant contends that in order to sustain the joint and survivorship character of a bank account the survivor need prove no more than full compliance with the rules of the bank. We agree * * *."

In *In re Estate of Hatch* (1950), 154 Ohio St. 149, 93 N E. 2d 585, this court stated that a joint and survivorship signature card for a bank account "when signed would prima facie create a so-called joint and survivorship account between or among the signers * * *."

burden. See *In re Estate of Svab* (1967), 11 Ohio St. 2d 182, 228 N. E. 2d 609.[4]

In the instant case, this court finds that the burden of proof should have been placed on the appellee, even though she was actually defending the action. It was primarily through the combined testimony of appellee and her husband that the intention of decedent was shown, and the most relevant and probative evidence was primarily within their own knowledge. Decedent confided in them. More importantly, however, the party seeking to uphold the contract is aided by a rebuttable presumption that he shares equally in the *res*.

However, finding that the burden was on appellee in no way changes the result. The Probate Court judge presumably placed the burden on appellant, but found, as his opinion indicates, that "the *only* extraneous evidence of decedent's intention * * * confirmed the provisions of the written contract." Thus, had the judge placed the burden on appellee, the evidence would still sustain the judgment. There is no prejudicial error.

Appellant's remaining contention that the lease agreement is a contract, the subject-matter of which is the creation of a right *to use* the box, and not a contract granting a vested and present equal joint interest in its contents, is without merit. The evidence shows that decedent vested in her a present and equal joint interest.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.

---

[4] There may be some cases where the most relevant and probative evidence of a decedent's intention is within the knowledge of the party claiming no valid joint and survivorship contract was created. In such cases, the burden may properly be placed on that party. Compare *In re Estate of Svab, supra* (11 Ohio St. 2d 182).