In re Estate of Stevenson.

(No. L-78-012—Decided January 12, 1979.)

*Mr. James B. Simmons, Jr.,* for appellant.
*Mr. David L. Barkenquest,* for appellees.

POTTER, P. J. Catherine Stevenson, executrix of the estate of Doris Stevenson, appeals from the final order of the Court of Common Pleas of Lucas County, Probate Division, wherein that court found exceptions to the inventory filed by exceptors, George Graham *et al.* (appellees), well taken, and ordered certain joint and survivorship accounts, originally in the names of Doris Stevenson and Catherine Stevenson, to be administered as assets of the estate of the decedent, Doris Stevenson. The final order of the Probate Court provides as follows:

"***The Court, being duly advised in the premises and upon due deliberation, finds said exceptions well taken, and hereby grants same, with the exception of Exception Number 2.

"The Court further finds that the decedent herein, Doris Stevenson, had no intention to convey a present interest in the

accounts in question to the alleged surviving owner, Catherine Stevenson, on the basis of testimony adduced herein that the decedent was concerned about her daughter, Catherine Stevenson, 'in case anything happened,' that the decedent 'wanted Catherine taken care of,' and that the decedent said a 'large savings would take care of Catherine.'

"The Court further finds, from the testimony adduced and the exhibits introduced herein as evidence of the decedent's intention, that Catherine Stevenson maintained her own separate bank accounts, and that all activity in the accounts in question here was made under the decedent's control alone.

"* * *

"It is, therefore, ordered, adjudged and decreed that the bank accounts at The Sylvania Savings Company referred to in the exceptions heretofore filed as Numbers 1, 3, 4 and 5, to-wit:

"Checking Account No. 8-49-568-1, Savings Account No. 1-17755, Savings Account No. 7-01012 and Certificate of Deposit No. 17-00564 be administered as assets of the estate of the decedent, Doris Stevenson."

Appellant's first two assignments of error on appeal from this judgment, are:

"1. The Judgment of the Trial Court is against the manifest Weight of the Evidence.

"2. The Judgment of the Trial Court is contrary to the Settled Law of this State."

The Probate Court, relying upon *Eger* v. *Eger* (1974), 39 Ohio App. 2d 14, found that the decedent, Doris Stevenson, did not intend to convey a present interest in bank account Nos. 8-49-568-1, 1-17755, 7-01012, and 17-00564 to Catherine Stevenson, and that the accounts should, therefore, be administered as part of the decedent's estate.

The record indicates that the first three of these accounts (Nos. 8-49-568-1, 1-17755, and 7-01012) were checking or savings accounts established with signature cards specifically containing joint and survivorship clauses. As to these accounts, *Eger* v. *Eger, supra,* is applicable. However, the precedential value of the *Eger* case is diminished in some respects by the case of *Vetter* v. *Hampton* (1978), 54 Ohio St. 2d 227, decided subsequently to the Probate Court's decision in the case *sub judice.* The court in *Eger* v. *Eger, supra,* citing *In re Estate of*

*Svab* (1967), 11 Ohio St. 2d 182, placed the burden of proof on the survivor, when a controversy arose after the death of one co-owner, to show that it was the decedent's intention to create in the survivor a present vested interest with a right of survivorship. Our reading of *In re Estate of Svab* does not convince us that the Ohio Supreme Court intended, therein, to formulate a general rule placing the burden of proof in such situations on the survivor.

Our conclusion is strengthened by the holding in *Vetter* v. *Hampton, supra,* at paragraphs 3, 4, 5 and 6 of the syllabus, that:

"3. The existence of a joint and survivorship bank account raises a rebuttable presumption that co-owners of the account share equally in the ownership of the funds on deposit. (*In re Estate of Duiguid,* 24 Ohio St. 2d 137, and *Steinhauser* v. *Repko,* 30 Ohio St. 2d 262, approved and followed.)

"4. The fact that a bank account is carried in the names of two persons jointly, with right of survivorship, is not always conclusive as to the ownership of the account, and, when a controversy arises as to the ownership of such an account, the party contending that no valid joint and survivorship contract was created may present evidence to show the 'realities of ownership.' (*Union Properties, Inc.,* v. *Cleveland Trust Co.,* 152 Ohio St. 430; *Fecteau* v. *Cleveland Trust Co.,* 171 Ohio St. 121; *Steinhauser* v. *Repko,* 30 Ohio St. 2d 262.)

"5. A party contending that no valid joint and survivorship contract was created by asserting 'realities of ownership' must show either that no present interest was created or that no right of survivorship was intended.

"6. The party seeking to uphold the joint and survivorship contract is benefited by a presumption that both parties to the contract are rebuttably presumed to share equally in the funds on deposit."

The ruling in *Vetter* v. *Hampton, supra,* after so many conflicting decisions, indicates that the Ohio Supreme Court recognizes that the contractual obligation is not just for the benefit of the financial institution and that when parties enter into a joint and survivorship contract they intend for it to be enforced. The burden to show that this is not the fact is placed on the party who contends that no such account was in fact

created, rather than upon the survivor whose name is on the account.

Pursuant to *Vetter* v. *Hampton, supra,* the party contending that no valid joint survivorship contract is created may show the realities of ownership. To do this, the challenger must show either that there was no present interest created *or* that no right of survivorship was intended. The exceptors, herein, failed to carry this burden and the judgment of the court below should be reversed.

In the case *sub judice,* mother and daughter had lived together for years and the savings and checking accounts in question, or similar accounts, had existed for years. There was no evidence that the accounts were created under duress or that there was a lack of intent to transfer a present interest. The funds were not to be used for the mother during her last illness, and they were not simply convenience accounts. Although the funds in account Nos. 8-49-568-1, 1-17755, and 7-01012 were generated solely by the decedent, the record contains ample evidence that she intended to create a present, equal, joint vested interest *and* a right of survivorship in the surviving owner, Catherine Stevenson. Therefore, title to these bank accounts passes to Catherine Stevenson.

As to the remaining account, No. 17-00564, the record indicates that this is a time deposit (certificate of deposit) account, established by and in the sole name of Catherine Stevenson on May 4, 1977. The record further indicates that this account was established with funds withdrawn by Catherine on that same date from another time deposit account (No. 17-00533) in which Catherine and Doris Stevenson were named as co-depositors. The signature card for account No. 17-00533 contains no survivorship clause, but it does contain language allowing either depositor to make withdrawals from the account.

The issue as to account No. 17-00533 is only whether the decedent intended to create a joint present interest in Catherine; survivorship interest is not at issue. The record supports the conclusion that such an interest was intended.

Catherine Stevenson withdrew the funds from account No. 17-00533 prior to Doris Stevenson's death, which she was entitled to do as a named co-depositor under the time deposit agreement. There being no evidence of wrongdoing in this act,

we find that the Probate Court erred in ordering that account No. 17-00564 be administered as an asset of Doris Stevenson's estate.

The first two assignments of error are well taken as to all four disputed accounts.

The third assignment of error is:

"The Trial Court failed to issuean [*sic*] Order on Docket Sheet—from which Journal Entry for Signature of the Trial Judge should be prepared."

A court speaks through its journal entries, not through its docket sheet. The record in this case contains a properly signed and filed judgment entry. This assignment of error is not well taken.

The judgment of the Court of Common Pleas of Lucas County, Probate Division, sustaining the exceptions to the inventory and ordering three bank accounts (Nos. 8-49-568-1, 1-17755, and 7-01012) of Doris Stevenson, deceased, listing Catherine Stevenson as a joint and survivorship depositor, and one bank account in the name of Catherine Stevenson (No. 17-00564) to be made a part of the assets of the estate of Doris Stevenson, is hereby reversed. Coming now to enter the judgment which the Probate Court should have entered, we order that the exceptions to inventory filed by George Graham *et al.* are denied.

*Judgment reversed.*

BROWN and CONNORS, JJ., concur.