CRAIG, APPELLANT, *v.* CURTISS ET AL., APPELLEES.

(No. L-78-107—Decided January 19, 1979.)

*Mr. B. Gary McBride,* for appellant.
*Mr. Robert J. Potter,* for appellees.

POTTER, P. J. This case is, unfortunately, another chapter in the book relative to family disputes over joint and survivorship bank accounts. Plaintiff-appellant, Jane Craig, now 86 years old, is the mother of defendant-appellee Jane Curtiss and the mother-in-law of defendant-appellee Dwight

---

Curtiss. When plaintiff's husband, William Craig, died testate in 1968, he left his entire estate to plaintiff. In 1969, plaintiff delivered equally to her children, Jane Curtiss and William Craig, Jr., certain funds held jointly by plaintiff and her deceased husband. The funds given to Jane Curtiss in the approximate amount of $28,498.07 were placed in her sole name in account No. 3-11480, First Federal Savings and Loan Association of Toledo, and account No. S1707 of the Toledo Trust Company.

In 1970, plaintiff caused the title to property known as 1437 Leith Drive, Toledo, Ohio, formerly the residence of plaintiff and her husband, to be transferred equally to Jane Curtiss and to plaintiff's son, William Craig, Jr. Plaintiff continued to live in the property until 1975. During this period of time Jane Curtiss and William Craig, Jr., paid the taxes and plaintiff paid the utilities. For physical reasons, plaintiff, in 1975, could no longer live in the premises and she moved to the home of Jane Curtiss, which home was remodeled for plaintiff's comfort and convenience.

The property in the joint names of Jane Curtiss and William Craig, Jr., located at 1437 Leith Drive, Toledo, Ohio, was sold and after the payment of certain expenses, each titleholder received the proceeds. Jane Curtiss placed the proceeds she received from the home in a certificate of deposit at People's Savings Association in a joint and survivorship account in her name, her husband's name (Dwight Curtiss), and, at the insistence of her mother, in her mother's name. This account is No. 2-401765.

We have also what has been labeled the "little tin box" accounts. In 1974, plaintiff produced certain funds from the little tin box. It is disputed whether or not she had earlier given William Craig, Jr., the sum of $10,000.00. However, in 1974, she did give Jane Curtiss the sum of $10,000.00 from the little tin box and this sum is represented by a joint and survivorship account in the name of plaintiff and Jane Curtiss at People's Savings Association, account No. 2-401017. The evidence also indicates that she gave Jane Curtiss and William Craig, Jr., each, the sum of $5,000.00. Jane Curtiss originally placed her $5,000.00 in a joint and survivorship account in the name of plaintiff and Jane Curtiss. However, this sum of $5,000.00 has been withdrawn and placed in the sole account of Jane Curtiss

and her husband and is represented by account No. 2-401056-2-04, People's Savings Association. The accounts, to the extent that it is relevant, are under a provision of People's Savings Association requiring joint approval of withdrawals, or "joint control" accounts.

The action below by plaintiff was to enjoin defendants from withdrawing or disposing of any of the funds representing the deposits in the accounts delineated above, to have them make a complete accounting to plaintiff, to cause the transfer of title and ownership of said accounts to plaintiff's sole name, to surrender the passbooks to plaintiff, and for a judgment for such sums which ought to have accrued to the aforesaid accounts but for the unauthorized withdrawal or transfer thereof by defendants for purposes other than the exclusive benefit of plaintiff. To the complaint, an answer and counterclaim was filed and subsequently an amended answer and counterclaim. The answer controverted the allegations in the complaint and the prayer of the counterclaim was to secure an order requiring plaintiff to remove her name from account No. 2-401765 in the People's Savings Association account.

The matter proceeded to trial before a jury and at the conclusion of the evidence by plaintiff and defendants, defendants made a motion for a directed verdict. The trial court took the motion under consideration and found that reasonable minds could come to but one conclusion and that conclusion was, as to the funds transferred in 1969 in the approximate amount of $28,498.07, that defendant Jane Curtiss had the sole right to ownership and beneficial use of these funds. The trial court also concluded that reasonable minds could come to but one conclusion in regard to the three joint and survivorship bank accounts entered into between plaintiff and Jane Curtiss and that conclusion was that, at the time of the creation of those accounts, plaintiff and defendant Jane Curtiss intended to be bound by the terms of the joint and survivorship account contract and that those accounts should continue to be governed by the terms of those deposit contracts. The prayer of the counterclaim was denied. There being nothing left for disposition by the jury, the case was dismissed.

From the decision of the trial court plaintiff appealed and filed the following assignments of error:

"I. The lower court erred in directing a verdict that the

accounts created with plaintiff's monies in 1969 in the name of defendant Jane Curtiss were a gift to defendant Jane Curtiss.

"II. The court erred in failing to make any final determination with respect to the ownership and right of possession of the passbooks and certificates of the three joint banking accounts and failing to order an accounting thereof.

"III. The court erred in failing to direct verdict for plaintiff for the relief demanded by the complaint or, in the alternative, submitting the case to the jury pursuant to the request for instruction filed by plaintiff.

"IV. The judgment, to the extent that it fails to provide all of the relief demanded by the complaint to plaintiff is the [*sic*] against the manifest weight of the evidence."

Plaintiff has not separately argued each assignment of error, see App. R. 12(A) and 16, but has presented a general dissertation on the law of joint and survivorship bank accounts with particular reference to the evils observed relevant to these accounts by Justice Locher in his concurring opinion in *Vetter* v. *Hampton* (1978), 54 Ohio St. 2d 227, at page 233.

It is generally held in Ohio that statements expressed in a concurring opinion are not the law of the case, but the law is expressed in the syllabus; therefore, we quote the following paragraphs from the syllabus of *Vetter* v. *Hampton, supra:*

"2. The rights of parties to a joint and survivorship bank account are governed by the contract and not by the principles of the law of gifts.

"3. The existence of a joint and survivorship bank account raises a rebuttable presumption that co-owners of the account share equally in the ownership of the funds on deposit. (*In re Estate of Duiguid,* 24 Ohio St. 2d 137, and *Steinhauser* v. *Repko,* 30 Ohio St. 2d 262, approved and followed.)

"4. The fact that a bank account is carried in the names of two persons jointly, with right of survivorship, is not always conclusive as to the ownership of the account, and, when a controversy arises as to the ownership of such an account, the party contending that no valid joint and survivorship contract was created may present evidence to show the 'realities of ownership.' (*Union Properties, Inc.,* v. *Cleveland Trust Co.,* 152 Ohio St. 430; *Fecteau* v. *Cleveland Trust Co.,* 171 Ohio St. 121; *Steinhauser* v. *Repko,* 30 Ohio St. 2d 262.)

"5. A party contending that no valid joint and survivor-

ship contract was created by asserting 'realities of ownership' must show either that no present interest was created or that no right of survivorship was intended.

"6. The party seeking to uphold the joint and survivorship contract is benefited by a presumption that both parties to the contract are rebuttably presumed to share equally in the funds on deposit."

Applying the syllabus set forth above, we find that the record supports a finding by the trial judge that reasonable minds could come to but one conclusion: that account No. 3-11480, First Federal Savings and Loan Association of Toledo, Ohio and account No. S1707, the Toledo Trust Company, are not and never were joint and survivorship accounts, but were accounts created by an unencumbered gift by plaintiff to defendant Jane Curtiss in 1969 and are solely the property of this defendant. As to account No. 2-401765, People's Savings Association, in the approximate amount of $11,321.85, we find that the existence of this joint and survivorship bank account raised a rebuttable presumption that the co-owners of the account shared equally in the ownership of the funds on deposit. However, we also find that defendant Jane Curtiss, presented evidence to show the "realities of ownership." In 1970, plaintiff made a gift of one-half of the title to the real estate known as 1437 Leith Drive by a proper conveyance; therefore, the funds which went into this account were, in reality, the funds of defendant Jane Curtiss. Considering the realities of ownership, plaintiff has no interest in these funds, and to the extent the judgment in the lower court establishes this fact, the judgment of the lower court is affirmed.

As has been observed by the parties, litigation relative to joint and survivorship accounts generally is instituted after the death of one of the parties to the account and by a disappointed heir. The litigation *sub judice* involves an action to terminate accounts and for an accounting while both parties are living. See 7 Ohio Jurisprudence 2d Rev. 331, Banks, Section 152; *Union Properties, Inc.,* v. *The Cleveland Trust Co.* (1949), 152 Ohio St. 430. The observations we now make are pertinent to People's Savings accounts No. 2-401017 and No. 2-401056-2-04. First, we do not agree with the contention made by defendants that the "joint control" feature as to ac-

count No. 2-401017 irrevocably terminates any rights of the parties to an *inter vivos* distribution and that their only expectation is in longevity. As to this account and account No. 2-401056-2-04, we hold that plaintiff is entitled to the rebuttable presumption and, of course, to the benefit of other relevant evidence, that she is at least to share equally in the ownership of these funds and that defendant Jane Curtiss is entitled to rebut this presumption by a showing of the realities of ownership. We find that reasonable minds on the issue created as to these two accounts could come to different conclusions and that, therefore, the trial court was in error in not submitting the factual determination relative to these two accounts to the jury. See Civ. R. 50(A).

We have not discussed or ruled on the various instructions requested by plaintiff to be submitted to the jury for the following reasons: first, they were not argued in the brief by plaintiff in this court to such a degree as to require this court to make a decision; and, secondly, when the case is retried, new facts and circumstances may make the instructions inappropriate or incorrect. For the foregoing reasons, Assignments of Error Nos. 2, 3 and 4, and only to the extent for which we have set forth in this opinion, are found to be well taken. Assignment of Error No. 1 is not well taken. The judgment of the Court of Common Pleas of Lucas County is affirmed as to its decision relevant to account No. 3-11480, First Federal Savings and Loan Association of Toledo, account No. S1707, the Toledo Trust Company, and account No. 2-401765, People's Savings Association.

As to accounts No. 2-401017 and No. 2-401056-2-04 in People's Savings Association, the decision of the Court of Common Pleas of Lucas County is reversed and vacated. This cause is remanded to said court for execution of judgment as to account No. 3-11480, First Federal Savings and Loan Association of Toledo, account No. S1707, the Toledo Trust Company, and account No. 2-401765, People's Savings Association. As to accounts No. 2-401017 and No. 2-401056-2-04 this cause is remanded for further proceedings according to law.

*Judgment affirmed in part*
*and reversed in part.*

BROWN and CONNORS, JJ., concur.