OPINION
Defendant Teresa Clark appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which held plaintiff Marcella Blanton is entitled to garnish Fairfield National Bank account number 476906. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE LOWER COURT ERRED IN FINDING ACCOUNT NO. 476906 TO BE A JOINT ACCOUNT OWNED BY THE APPELLANT AND HER DAUGHTER, THERESA BERGUNZI CLARK, AND THEREFORE SUBJECT TO GARNISHMENT. THE EVIDENCE WAS UNDISPUTED THAT THE ACCOUNT WAS OWNED BY APPELLANT'S DAUGHTER AND APPELLANT WAS AN AUTHORIZED SIGNOR ON THE ACCOUNT. A JUDGMENT CREDITOR MAY NOT GARNISH FUNDS OWNED BY A NON-PARTY MERELY BECAUSE THE JUDGMENT DEBTOR IS AN AUTHORIZED SIGNOR.
SECOND ASSIGNMENT OF ERROR
 REGARDLESS OF WHETHER ACCOUNT NO. 476906 IS A JOINT ACCOUNT, THE FUNDS ON DEPOSIT THERE WERE EXEMPT FROM GARNISHMENT.
THIRD ASSIGNMENT OF ERROR
 IF ACCOUNT NO. 476906 IS A JOINT ACCOUNT AND THE FUNDS ON DEPOSIT WERE NOT EXEMPT, THE REALITIES OF OWNERSHIP ESTABLISHED THAT THE OWNER OF THE FUNDS IN QUESTION WAS SOMEONE OTHER THAN THE APPELLANT.
The record indicates on August 7, 1998, appellee was awarded a judgment against appellant and her deceased husband's estate in the amount of $9,072.31. On December 3, 1998, appellee sent a garnishment to Fairfield National Bank in the amount of the judgment. Appellant owned an individual checking account and an individual savings account, as well as a joint account number 476906, with her daughter, Teresa Clark. At the time bank received the garnishment, there was a balance in account number 476906 in the amount $18,671.11. The bank garnished account number 476906, and appellant brought suit, claiming the funds were exempt from garnishment.
The account in question was a passbook savings account and there were two authorized signatures for the account, the appellant and her daughter, also named Teresa Clark. The reverse side of the signature card contains signature lines to create a joint account, and those lines are blank. Nevertheless, it is clear appellant had access to the account, and had made deposits and withdrawals for her own use. The trial court found the account was a joint account because appellant had unlimited access to withdraw, deposit or transfer any funds in the account. The court rejected appellant's testimony that she deposited $5,204.81 into the account as a gift to her daughter. The court found instead that the $5,204.81 was directly traceable to proceeds from an insurance policy made payable to appellant. The court found these funds were subject to garnishment. The court found the remainder of the funds in the account were exempt from garnishment because they were traceable to deposits of Social Security payments.
The trial court concluded appellee was entitled to receive from the individual accounts owned by appellant the amount of $3,269.81, which represented the total of two balances in her individual accounts on December 3, 1998, the day the garnishment was sent. The court further found appellee was entitled to receive $5,204.81, the insurance funds, from the joint account appellant held with her daughter. The court concluded appellee was entitled to garnish $8,474.62 from appellant's accounts.
In its judgment entry of October 22, 1999, the court ordered the clerk of courts to distribute the proceeds of the garnishment from bank account number 476906 in the amount of $8474.62 to appellee, and the balance to appellant.
 I
In her first assignment of error, appellant argues account number 476906 was not a joint account, but rather was owned by her daughter, and appellant was merely an authorized signor on the account. In its memorandum decision filed October 15, 1999, the court made findings of fact and conclusions of law. The court found the account in question was a joint account allowing appellant unlimited access to deposit, withdraw, or transfer any and all of the funds in the account. The court cited Union Properties, Inc. v. Cleveland Trust Company (1949),152 Ohio St. 430, as authority for the proposition that in an action against one of the depositors of a joint account, the court should look to the realities of ownership to determine whose money was in the account. The court concluded the funds traceable to appellant are subject to garnishment from the joint account. The court found all the funds in the account are traceable to appellant.
The trial court here was the fact finder, and this court cannot reverse its findings unless we find it against the manifest weight of the evidence, C.E. Morris Company v. Foley Construction Company (1978),54 Ohio St.2d 279. We find there is evidence presented in the record, which, if believed by the trial court, would entitle it to conclude the account was a joint account.
The first assignment of error is overruled.
 II
In the second assignment of error, appellant argues all the funds on deposit were exempt from garnishment. The trial court found $5,204.81 of the funds were traceable to the proceeds from an insurance policy, while the rest of the funds are traceable to deposits of Social Security payments. The court correctly found, the Social Security funds are not subject to garnishment. However, appellant argues the proceeds of the life insurance policy are also exempt pursuant to R.C. 3911.10 and R.C.2329.66. R.C. 2329.66 exempts funds derived from insurance policies protected under R.C. 3911.10. The court found, however, R.C. 3911.10 only exempts insurance funds from garnishment by creditors of the deceased. Appellant urges the judgment upon which the garnishment was based was a judgment against her deceased husband.
The trial court found R.C. 3911.10 exempts only the insurance proceeds paid to the surviving spouse against the garnishment by creditors of the deceased spouse. The court found, however, the statute does not exempt insurance proceeds from creditors of the recipient spouse. Inasmuch as appellant was jointly liable with her deceased husband for this debt, we agree with the trial court the proceeds of the insurance policy are not exempt. The trial court found $5,204.81 payable from the John Hancock Insurance Company to appellant and deposited into account number 476906 was subject to garnishment, and we agree. However, the trial court found there had been $3,269.81 in appellant's individual accounts at the time of the garnishment. The court ordered this sum also to be garnished from Fairfield National Bank account number 476906. We find this is error.
The trial court correctly found Social Security funds are exempt, yet the court ordered the Social Security money paid out to appellee. This was to make up for the bank's failure to garnish $3,269.81 from appellant's individual account. Those accounts are not the subject of this action, and the court may not substitute Social Security exempt funds for those accounts which are not before the court now.
The second assignment is sustained in part.
 III
In her third assignment of error, appellant asserts the realities of ownership establish the owner of the funds in question was appellant's daughter, not appellant. For the reasons stated in I, supra, this assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed in part and reversed in part, and we further find the amount of garnishment from Fairfield National Bank account number 476906 should have been $5,204.81. The cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By GWIN, P.J., and BOGGINS, J., concur HOFFMAN, J., concurs separately
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs split between appellant and appellee.