[Cite as *Kogut v. Marcelli*, 2012-Ohio-183.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ROSE KOGUT | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | Hon. Patricia A. Delaney, J. |
| -vs- | |
| THOMAS MARCELLI | Case No. 2011CA00026 |
| Defendant- Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Probate Division, Case Nos. 206212, 209601, and 209620 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT: | January 17, 2012 |

APPEARANCES:

For Plaintiff-Appellant

EDGAR M. MOORE, JR.
TIMOTHY J. MOORE
4940 Munson Street, NW
P.O. Box 35426
Canton, OH  44735

For Defendant-Appellee

DAVID DINGWELL
220 Market Avenue, South
8th Floor
Canton, OH  44702

*Farmer, J.*

{¶1} On May 27, 2009, the Estate of Mary Marcelli was opened (Case No. 206212). Executor of the estate was her son, appellee, Thomas Marcelli. On March 10, 2010, appellee filed an account. On April 5, 2010, Mary's daughter and appellee's sister, appellant, Rose Kogut, filed exceptions to the account, claiming appellee failed to disclose over $160,000.00 in cash and other items.

{¶2} On May 19, 2010, appellee filed a complaint against appellant for concealment of assets (Case No. 209620). On July 30, 2010, appellant filed her own complaint for concealment of assets against appellee (Case No. 209601). Appellee filed an amended complaint in Case No. 209620 on August 6, 2010.

{¶3} On October 6, 2010, the trial court held a hearing on six of appellant's exceptions, appellant's July 29, 2010 motion to remove appellee as executor, and the parties' cross-complaints for concealment of assets. By judgment entry and findings of fact and conclusions of law filed January 7, 2011, the trial court found appellee established a prima facie case for the concealment of assets and appellant did not meet her burden in establishing joint and survivor accounts between her and Mary (Account Nos. 473-8 and 465-7). The trial court ordered appellant to pay Mary's estate $88,872.21 which represented funds she withdrew during Mary's lifetime, and pay the estate an additional $22,921.22 and $2,573.54 out of the remaining funds in the joint accounts. The trial court also ordered appellee to pay Mary's estate $37,800.00 which represented cash he received from his father Nick prior to his death who died prior to Mary, found appellee concealed $500.00 of Mary's cash, and removed appellee as executor.

{¶4} Appellant filed an appeal on February 7, 2011 and assigned the following errors:

I

{¶5} "THE TRIAL COURT ERRED BY NOT APPLYING THE CORRECT STANDARD FOR THE ESTABLISHMENT OF A PRIMA FACIE CASE FOR CONCEALMENT OF ASSETS."

II

{¶6} "THE TRIAL COURT ERRED BY PLACING THE BURDEN OF PROOF ON ROSE TO SHOW THE EXISTENCE OF A JOINT AND SURVIVOR ACCOUNT."

III

{¶7} "THE TRIAL COURT ERRED IN FINDING THAT ABSENCE OF AN ACCOUNT SIGNATURE CARD IS DETERMINATIVE TO THE ESTABLISHMENT OF A JOINT AND SURVIVOR ACCOUNT."

IV

{¶8} "THE TRIAL COURT WENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT DETERMINED THE DEFENDANT WAS GUILTY OF CONCEALING ESTATE ASSETS."

{¶9} Appellee filed a cross-appeal on February 15, 2011 and assigned the following errors:

CROSS-ASSIGNMENT OF ERROR I

{¶10} "THE TRIAL COURT ERRED BY ORDERING TOM TO PAY MARY'S ESTATE $37,800.00 REPRESENTING THE CASH GIFT MADE BY NICK OF HIS CASH TO TOM PRIOR TO HIS DEATH."

CROSS-ASSIGNMENT OF ERROR II

{¶11} "THE TRIAL COURT ERRED BY FINDING THAT TOM CONCEALED $500.00 OF MARY'S CASH."

CROSS-ASSIGNMENT OF ERROR III

{¶12} "THE TRIAL COURT ERRED BY REMOVING TOM AS THE EXECUTOR OF MARY'S ESTATE."

{¶13} This matter is now before this court for consideration.

I, II, III, IV

{¶14} Appellant's assignments of error challenge the trial court's decision, claiming the trial court did not hold appellee to his burden of meeting the requirements of *Silcott v. Prebble,* Clermont App. No. CA2002-04-028, 2003-Ohio-508, shifting the burden to her to establish the existence of joint and survivor accounts, misapplying *Wright v. Bloom*, 69 Ohio St.3d 596, 1994-Ohio-153, and the decision was against the manifest weight of the evidence. We note appellant is not challenging the order that she pay $88,872.21 to Mary's estate, but is challenging the order that she pay Mary's estate $22,921.22 and $2,573.54 out of the joint accounts, Nos. 473-8 and 465-7, respectively.

{¶15} R.C. 2109.50 and 2109.52 provide for the filing of a complaint for the concealment of assets and the procedures for such action:

{¶16} "[R.C. 2109.50] Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any

person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint.***

{¶17} "The probate court may initiate proceedings on its own motion.

{¶18} "The probate court shall forthwith proceed to hear and determine the matter.

{¶19} "The examinations, including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the probate court.

{¶20} "If required by either party, the probate court shall swear such witnesses as may be offered by either party touching the matter of such complaint and cause the examination of every such witness, including questions and answers, to be reduced to writing, signed by the witness, and filed in the probate court.

{¶21} "[R.C. 2109.52] When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys, chattels, or choses in action of the trust estate.  If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind.  The probate court may issue a citation into any county in this state, which citation

shall be served and returned as provided in section 2109.50, requiring any person to appear before it who claims any interest in the assets alleged to have been concealed, embezzled, conveyed, or held in possession and at such hearing may hear and determine questions of title relating to such assets. In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section.

{¶22} "If the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the state against him for such amount or value, together with penalty and costs as provided in this section."

{¶23} In *Silcott* at ¶34, our brethren from the Twelfth District stated the following:

{¶24} "In her fifth assignment of error, Lana argues that the probate court erred by awarding judgment only against Roger and Robert, the attorneys-in-fact. Lana argues that judgment should also have been entered against the other six appellees for receiving funds improperly from the attorneys-in-fact. We disagree. Unlike Roger and Robert, the other six appellees were not attorneys-in-fact in charge of Lowell's assets. In addition, although claiming in her complaint that all of appellees had concealed, embezzled, or conveyed away $126,800, Lana failed to produce any evidence to trace

any assets to those six appellees. It is well established that in a proceeding for concealment of assets, the burden of proof is upon the complainant to establish a prima facie case by direct evidence. Maag, Troy, and Barlow, 2002 Ohio Probate Practice and Procedure, 144, Section 12.08; see, also, *In re Estate of Woods* (1959), 110 Ohio App. 277, 167 N.E.2d 122. Lana has failed to meet her burden."

**{¶25}** In its judgment entry filed January 7, 2011, the trial court found the burden rested upon appellee. It is appellant's position that her testimony alone was sufficient to establish joint and survivor accounts, and no other extrinsic evidence should have been permitted under *Wright,* supra.

**{¶26}** In *Wright,* at 607, former Justice Alice Robie Resnick included a historical analysis of the joint-survivorship account law in Ohio. Although appellant stresses the syllabus language of the opinion, the final conclusion of the case is more specific:

**{¶27}** "We hold that the opening of an account in joint and survivorship form shall, in the absence of fraud, duress, undue influence or lack of mental capacity on the part of the depositor, be conclusive evidence of the depositor's intention to transfer to the survivor the balance remaining in the account at the depositor's death. (*Thompson, supra,* paragraph two of the syllabus, overruled.)

**{¶28}** "On the other hand, in order to maintain consistency in the treatment of survivorship rights, we hold that the opening of the account in joint or alternative form without a provision for survivorship shall be conclusive evidence, in the absence of fraud or mistake, of the depositor's intention not to transfer a survivorship interest to the joint party in the balance of funds contributed by the depositor remaining in the account at the depositor's death. Such funds shall belong exclusively to the depositor's estate,

subject only to claims arising under other rules of law. (*Bauman, supra,* overruled in part.)

**{¶29}** "We stress, however, that today's decision does not change the ownership-during-lifetime presumption set forth in *Thompson, supra,* at paragraph one of the syllabus, utilized in determining the rights of the parties and others to joint and survivorship funds in controversies arising during the parties' lifetimes."

**{¶30}** A review of the hearing in and of itself establishes that the trial court acknowledged appellee's burden in the case, causing that case to be put on first. Appellee's August 8, 2010 complaint for concealment alleged, "Rose Kogut has concealed or conveyed away monies and jewelry belonging to the estate of the decedent in fraud of its rights." Therefore, extrinsic evidence was available under *Wright.*

**{¶31}** Appellant testified the accounts were joint and survivor accounts, and Mary understood what joint accounts were. T. at 16, 30, 42. However, on the issue of fraud per the dicta of *Wright,* Mary's mental capacity at the time of the opening of the accounts was in question.

**{¶32}** The testimony is undisputed that Mary suffered from dementia. T. at 91, 113. The testimony is also undisputed as to Mary's capacity when her spouse was alive. Mary did not participate in any financial issues and merely assented to her husband's wishes. T. at 107-109. After Mary's husband Nick died, she complained of being afraid at night, and there were "ghosts" in the house disturbing her things.

**{¶33}** Although both parties portrayed themselves as the true protector of Mary's assets, it is clear that after the death of their parents, their actions were self-serving.

They even secretly discussed removing a bag of money so the other siblings would not know of the money, and set up a safety deposit box in their joint names to keep estate assets. T. at 38. Uncontested in this appeal is the secreting away of $88,872.21 from the safety deposit box into appellant's name alone.

{¶34} Further, as the trial court noted, the signature cards for the joint and survivor accounts were not presented as evidence. The signature account cards are not determinative of the issue. *In re Svab's Estate* (1967), 11 Ohio St.2d 182. The exhibits presented only show joint accounts and do not designate them as survivor accounts. See, Defendant's Exhibits E, K, M, O, Q, R, S, and U.

{¶35} Based upon the evidence, we are left with appellant's statement that the accounts were joint and survivor accounts.

{¶36} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶37} Given the great dearth of the evidence on Mary's dementia and the trial court's ability to decide issues of credibility, we cannot find that the trial court erred in finding that the accounts were not joint and survivor accounts.

{¶38} Assignments of Error I, II III, and IV are denied.

### CROSS-ASSIGNMENTS OF ERROR I AND II

{¶39} In these cross-assignments of error, appellee claims the trial court erred in determining the $37,800.00 he received from his father prior to his death was not a gift,

and appellee concealed $500.00 which was found in Mary's kitchen cabinet.  We disagree.

{¶40}  A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279.  A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.  *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶41}  Appellee argued the $37,800.00 was a gift from his father Nick prior to his death.  Mary was the sole beneficiary of Nick's estate.  In her complaint filed July 30, 2010, appellant claimed appellee concealed "cash in excess of $125,000 from various places in decedent's house."  Appellee raised jurisdiction and argued the issue of the $37,800.00 should have been litigated in his father's estate which was finalized on July 29, 2009.  See, Defendant's Exhibit Z.  If in fact the sum was not a gift, the funds should have been included in the father's estate.

{¶42}  Given the trial court's findings of fact, we find all parties treated the $37,800.00 sum as funds for Mary "for her care" and "for keeping your mom in the house."  T. at 110-111.  In his own testimony, appellee stated he held the funds for his mother per his father's request.  We conclude the jurisdictional issue is moot.

{¶43}  In its judgment entry filed January 7, 2011, the trial court found the following:

{¶44}  "Tom testified that simultaneously with the $37,800.00, Nick and Mary gave Tom bonds of $17,000 and $52,000 from the safe where the $37,800.00 in cash

came from. Tom stated that he deposited the bond funds into a joint checking account of Rose and Mary's because the bonds were for Mary's care and that the bond funds and $37,800.00 in cash did not go together. Tom testified that he did not file a gift tax return in Nick's estate for the $37,800.00 because he did not know he needed to file such a return and testified that he did not include the amount of his own 2008 income tax return. The bonds that Tom was given by Mary and Nick on the same day as the $37,800.00 in cash are listed on the Inventory in Mary's estate in Case No. 206212.

{¶45} "***

{¶46} "Tom's assertion that this issue could only have been brought in Nick's estate is overcome by his own actions of listing the bonds that Nick and Mary gave Tom simultaneously with the $37,800.00 in cash on Mary's Inventory and Accounting rather than in Nick's Inventory and Accounting. Tom's claim that only Nick gave him the $37,800.00 cash gift and that Rose could only object to the gift in Nick's estate is inconsistent with Tom's own testimony that the bonds given to him by Nick were deposited into Mary's accounts only. Further, Tom testified that both Mary and Nick were in the room when the cash and bonds were given to him and that Mary approved of Nick's giving of the bonds and cash to Tom. Thus, Rose's exception and concealment action is properly before this Court in Mary's estate case."

{¶47} In *Bolles v. Toledo Trust Company* (1936), 132 Ohio St. 21, paragraph one of the syllabus, the Supreme Court of Ohio defined an inter vivos gift as follows:

{¶48} "The essentials of a valid gift inter vivos are (1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there, and (2) in pursuance of such intention, a delivery by the donor to

the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion, and control over it."

{¶49} We conclude the record clearly supports the trial court's findings on the $37,800.00.

{¶50} Relative to the $500.00 found in the kitchen, the trial court found appellee did not deposit the money into Mary's safety deposit box:

{¶51} "Tom and Gale [Tom's wife] both admit that Gale took $500 from Mary's kitchen. Tom and Gale do not agree on when the money was found, as Tom testified it was found in May of 2009 and Gale testified it was found prior to April 2009. Rose testified that Tom told her that he put the money in the estate account. Tom's testimony is conflicting, as he first stated that he put the $500 in the KeyBank safety deposit box in May of 2009, then changed the date to June of 2009 after being shown Exhibit T, then changed the date again to March of 2009. Tom has no record of depositing the money at any point. Tom took the $500 in cash and cannot provide a clear account of when the funds were deposited into the KeyBank safety deposit box. Accordingly, the Courts finds that Tom concealed $500 from Mary's estate and SUSTAINS Rose's Exception No. 7 and Concealment Complaint regarding the $500."

{¶52} The evidence supports this decision. Appellee admitted they were consistently finding funds throughout the house. The bank records do not support appellee's position that the $500.00 found in the kitchen was deposited.

{¶53} Cross-Assignments of Error I and II are denied.

CROSS-ASSIGNMENT OF ERROR III

**{¶54}** Appellee claims the trial court erred in removing him as executor. We disagree.

**{¶55}** The removal of an executor rests within the trial court's sound discretion. *In re Estate of Jarvis* (1980), 67 Ohio App.2d 94. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

**{¶56}** It is clear from the testimony that both parties engaged in self-serving activity with their mother's funds. Because of some misguided philosophy, appellee stopped paying his real estate taxes, and failed to grasp the seriousness of his position as a fiduciary (he failed to fulfill his tax duties, permitted a non-fiduciary to pay estate bills, and improperly wrote a distribution check to his wife). T. at 126-130, 151.

**{¶57}** Given the evidence presented, we find the trial court's action in removing appellee as executor was appropriate to protect the other beneficiaries apart from the parties sub judice.

**{¶58}** Cross-Assignment of Error III is denied.

{¶59} The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney_____

                              JUDGES


SGF/sg 1207

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROSE KOGUT | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THOMAS MARCELLI | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011CA00026 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is affirmed.  Costs to be divided equally between the parties.


s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney_____

JUDGES